### BOB BROWN *v.* THE STATE.

1. DISORDERLY HOUSE.—An information is sufficient which, alleging time and place, charges that the accused "did unlawfully keep a disorderly house, said house being then and there kept for the purpose of public prostitution, and as a common resort for prostitutes," etc.

2. SAME.—See evidence held to make a *prima facie* case sufficient to support a verdict of conviction for keeping a disorderly house.

APPEAL from the County Court of Tarrant. Tried below before the Hon. C. C. CUMMINGS, County Judge.

The charging clause of the information is set out in the first head-note.

One witness testified that for several months the accused had lived at the Waco Tap House, in Fort Worth, Tarrant county. Witness never saw the accused do anything about the house except to take the place of his barkeeper whenever the latter went out; but never saw any one but the

accused do that.    The house had the general reputation of being a common resort for lewd women; that he always saw such women there, and always saw the accused there. The house was generally called a " dance-house," but witness never saw the accused exercise authority in regulating the dancing, though he sometimes saw him talking to the guests.

Another witness stated that the house was reputed to be a place where a man could go and dance with prostitutes for partners.

A third witness stated that the reputation of the house was that of a house of public prostitution.

The defense introduced no witnesses.

The verdict was guilty, and assessed a fine of $225.

Accused moved for a new trial and in arrest of judgment, but both motions were overruled.

*Walton, Green & Hill*, for the appellant, cited *Stephanes* v. *The State*, 21 Texas, 206.

*George McCormick*, Assistant Attorney General, for the State.

White, J.    The appellant was tried and convicted for keeping a disorderly house.    The complaint and the information based upon it stated the offense as defined in the Code.    Pasc. Dig., Arts. 2027, 2028.    The accused lived at the house and kept a bar there and the evidence certainly established a *prima facie* case against him, which he did not attempt to rebut.    The case of *Couch* v. *The State*, 24 Texas, 559, is similar in many respects.    There are no questions raised in the case which are considered well taken, or of sufficient importance to require a reversal.    Most of them have frequently been passed upon and settled by the supreme court and by this court.    See *Cora Morris* v. *The State*, 38 Texas, 603; *Mary Sylvester* v. *The State*, 42

Texas, 496 ; *Ada Thompson* v. *The State*, 1 Texas Ct. of App. 56, and *Jennie Thompson* v. *The State*, decided at the present term, *ante*, p. 82.

The information charged that the offense was *unlawfully* committed, and, therefore, met and obviated the objection which was otherwise held good in the case of *Stephanes* v. *The State*, 21 Texas, 206.

The judgment of the lower court is affirmed.

*Affirmed.*