## MARY SMALLEY v. THE STATE.

DISORDERLY HOUSE.— EVIDENCE of a single witness that he had had sexual intercourse with the daughters of the defendant several times, but never at her house, is insufficient to sustain a conviction for keeping a disorderly house for the purpose of public prostitution.

APPEAL from the County Court of Harrison. Tried below before the Hon. W. T. S. KELLER, County Judge.

The opinion discloses the case. The fine assessed was in the sum of $100.

*L. P. Wilson,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

White, P. J.    Appellant was indicted and prosecuted to conviction under art. 339, Penal Code, for keeping a disorderly house for purposes of public prostitution.

Sam Johnson was the only witness whose testimony tended to support the charge, and he says: "I know the girls Maria and Nina [daughters of defendant] are called whores.    I got my works in with the girls several times, but this was not at the house where defendant lived."    There is not a single witness who testifies to any act of illicit intercourse at the house which defendant kept; and the witness Sam Johnson was impeached for veracity by the city marshal and four other witnesses.

We cannot get our consent to permit this conviction to stand upon such meager evidence.    The cases of *Sylvester* v. *State*, 42 Texas, 496, *Couch* v. *State*, 24 Texas, 557, and *Brown* v. *State*, 2 Texas Ct. App. 189, each had evidence to support the verdict and judgment, and which was held sufficient.    In this case it is not, and the judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*