[No. 3690.]

### Kate Gamel v. The State.

1. Disorderly House—Charge of the Court.—See the statement of the case for a charge of the court in a trial for keeping a disorderly house, *held*, insufficient. Note also, special requested instructions *held* correct, and, therefore, to have been erroneously refused.
2. Same.—Evidence of the common reputation of the character of the person accused as a prostitute, or a person devoid of chastity, is not admissible for the State, in a prosecution for keeping a disorderly house.

Appeal from the County Court of Shackelford. Tried below before the Hon. R. M. Norman, County Judge.

The appellant in this case was convicted for keeping a disorderly house, and her punishment was assessed at a fine of one hundred dollars.

The substance of the testimony of the several witnesses was, that the defendant was the proprietress of a house in Fort Griffin, Shackelford county, Texas, that sustained the reputation of being a common resort for prostitutes and vagabonds; that she boarded women who were reputed to be common prostitutes, and that her reputation for chastity was bad.

The charge of the court referred to in the first head note of this report, read as follows :

"1. You are charged that a disorderly house is one kept for the purpose of public prostitution, or as a common resort for prostitutes and vagabonds.

"2. You are charged that a disorderly house can be proven by circumstantial evidence, and if, by the evidence, you find

that the defendant was, or is proprietor of said house, and used for purposes stated in indictment, you will find guilty.

"3. You are charged that defendant is presumed innocent until otherwise proven. If by the law and evidence you find the defendant guilty, the punishment is fine of not less than one hundred nor more than five hundred dollars. Otherwise you will acquit."

The special instructions referred to in the first head note of this report, read as follows:

"1. The jury are the exclusive judges of the credibility of the witnesses and the weight of the evidence, and the defendant is presumed to be innocent until her guilt is established by legal and competent evidence, to the satisfaction of the jury beyond a reasonable doubt; and that, after considering all of the evidence in the case, if the jury shall have a reasonable doubt as to the guilt of the defendant, they will acquit.

"2. That before defendant could be convicted upon circumstantial evidence alone, the circumstances relied on by the State to sustain the conviction must be such as would lead the mind to no other conclusion but defendant's guilt, and exclude every other hypothesis except defendant's guilt.

"3. That the burden of proof rests on the State to show defendant's guilt beyond a reasonable doubt; and, before the jury can convict, the evidence must show that the defendant kept the house, as alleged, prior to November 11, 1885, and not more than two years anterior thereto."

The motion for new trial raised the questions discussed in the opinion.

*J. M. Moore* and *L. W. Campbell*, for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

White, Presiding Judge. This is an appeal from a judgment of conviction for keeping a disorderly house.

The charge of the court was excepted to, and additional special instructions which were requested for defendant were refused. The charge was insufficient as a whole, and erroneous in some particulars, and all of the defendant's special instructions should have been given.

As shown by the defendant's second bill of exceptions, the prosecution was allowed to prove, over objection, the defend-

ant's general reputation for want of chastity. In Allen v. The State, 15 Texas Court of Appeals, 320, it is said: "The bad character of the prisoner is entirely immaterial in the first instance in determining whether he was the keeper of the house;" and it was held that a defendant could not be held liable as the keeper of a disorderly house, by evidence of common reputation as to his character. The indictment is for *keeping* a disorderly house—not the keeper's character for being a common prostitute, or having a reputation for want of chastity. Such evidence was not admissible, because it did not tend to prove the issue to be tried. (Burton v. The State, 16 Texas Ct. App., 156.)

*Reversed and remanded.*

Opinion delivered May 22, 1886.