## Georgia Frazier v. The State.

### No. 2801.    Decided June 1, 1904.

**1.—Bill of Exceptions—Certificate of Fact—Notice of Deed.**

The objection to the introduction of a deed in evidence because it had not been filed with proper three days' notice would have been good if the existence of such fact had been certified in the bill of exceptions, but without such certificate by the judge, the same could not be considered.

**2.—Evidence—Date of Deed—Disorderly House.**

Where the deed introduced in evidence to show that defendant owned the disorderly house was dated November 18, 1895, and the charge of keeping said house was laid during the month of January, 1903, it simply affected the weight of the evidence, but not its admissibility.

**3.—Same—Tax Assessment Can Be Shown by Record.**

The filing and three days' notice required in case of the introduction of a deed in evidence is not required in case of the records of the tax assessor, but the latter being the custodian thereof may identify the same and they can be introduced without such notice.

**4.—Same—General Reputation of House.**

Testimony that the general reputation of defendant's house for two or three years prior to the time alleged in the indictment was that it was kept for the purpose of prostitution by defendant is admissible.

**5.—Same—Ownership—License.**

Testimony that the tax collector issued occupation license to defendant to sell beer on the premises in question was admissible to show the assertion of ownership on the part of defendant, and no notice or filing of such license is required.    •

**6.—Same.**

Testimony that defendant's house had four gas meters in it which were used in the name of defendant is admissible to show assertion of ownership by defendant of a house kept for prostitution.

Appeal from the County Court of Travis.    Tried below before Hon. James R. Hamilton.

Appeal from a conviction for keeping a disorderly house; penalty, a fine of $200.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of keeping a disorderly house, the fine imposed being $200.

By bill of exceptions number 1 appellant objected to the introduction in evidence of the record of a certain deed showing that one Evans had conveyed the premises in question to appellant.    Appellant urges various objections to the introduction of this deed.    First, because the execution was not proved.    The qualification of the court to the bill, however, controverts this.    Second, because defendant nor counsel had

been given notice of the filing of the same, or that it would be introduced as evidence in this cause. This objection is not a certificate of the existence of the fact upon which the objection is predicated. If the deed had not been filed, as required by the statute in such cases, with proper three days' notice, it would not be admissible. But the above is merely the objection of appellant to its admission, and not a certificate that such fact did exist. There is no proper showing in the bill that three days was not given, but there is only an objection on this ground. Under a long line of authorities it has been held that the judge approving a bill which states objections to the introduction of testimony does not certify that the facts urged as objections, in fact exist. The last objection urged in the bill is, that the deed is dated November 18, 1895, and did not show that defendant owned the house during the month of January, 1903, the time alleged in the indictment; and was irrelevant and immaterial to any issue in the case. This would merely go to the weight of the testimony and not to its admissibility. For authority on the admission of this character of testimony see 14 Texas Crim. App., 402.

Bill number 2 complains of the action of the court permitting the tax collector to testify that the premises in question had been rendered for taxes by appellant. Appellant objected to the introduction of the record which showed appellant had signed and sworn to her rendition, because the same was hearsay; that the witness was not testifying from his personal knowledge, but solely from information that said assessments were of record in the assessor's office, and the State had not given appellant three days' notice before announcement of ready for trial that the same would be used as evidence. Further, that the deputy sheriff took the assessment and would be the proper witness to prove the fact of assessment. Article 5431, Revised Civil Statutes, requires the record of the rendition by each taxpayer to be kept in the county clerk's office; and being such the custodian of the same could identify it, and the same could be introduced in evidence without the three days' statutory notice required in the admission of deeds, as indicated in the case above cited.

Bill number 3 complains that the court permitted several State witnesses to testify that the general reputation of defendant's house for two or three years prior to January, 1903, was that of a disorderly house and one kept for the purpose of prostitution, and where prostitutes were permitted to resort. Appellant's objection being that as the indictment charged defendant with the offense from January 1, 1903, to January 31, 1903, it was not material what was done prior to the time alleged, this testimony was admissible, since the proof shows that appellant occupied the house during said time, and as a circumstance to show that she was occupying the same in January, 1903. The fourth and fifth bills of exception present practically the same question.

Bill number 6 complains of the action of the court permitting the tax collector to testify that he issued occupation license to appellant to sell beer upon the premises in question. This testimony would be ad-

missible to go to show the assertion of ownership on the part of appellant of the premises. Nor is the objection that no notice was given of the introduction of this testimony tenable, this being a record authorized by law to be kept by the tax collector was admissible.

Bill number 8 complains that the court permitted the superintendent of the gas company to testify that defendant's house had four gas meters in it, and that all of said gas meters were used most of the time, and the account for the same with the company was in the name of defendant and had never been changed at any time. Appellant objected because irrelevant and immaterial, and could not be used as evidence against appellant unless it had been shown that said fixtures were necessarily used by appellant in some way in the commission of the alleged offense. The court appends this explanation: "Said testimony was admitted merely as a circumstance and expressly as a circumstance tending to show that defendant still had control over her house during her alleged absence, and that the alleged giving over charge of the premises to Frankie Carter was for the purpose of constituting her agent in keeping the house for defendant during her alleged absence." This testimony was clearly admissible under the explanation of the court. Furthermore it was admissible as circumstance to show the ownership. The fact that it does not positively prove the same does not render it inadmissible, but merely goes to its weight. The evidence is amply sufficient to support the verdict, and the judgment is affirmed.

*Affirmed.*