TERRY HICKMAN v. THE STATE.

No. 424.    Decided March 9, 1910.

Rehearing denied April 13, 1910.

**1.—Keeping Disorderly House—Evidence—Reputation.**

Upon trial of keeping a disorderly house for purposes of prostitution, there was no error in admitting evidence showing the character of the inmates, their conduct and conversations had with them (in the absence of the defendant), showing invitations to have sexual intercourse, etc. This testimony was admissible to show the character of the house.

**2.—Same—Charge of Court—Requested Charge.**

Where, upon trial of keeping a disorderly house, the charge of the court was substantially that requested by the defendant, and correctly submitted the issues in the case, there was no error.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. E. R. Campbell.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200.

The opinion states the case.

*C. E. & A. E. Heidingsfelder,* for appellant.—On question of reputation of house: Ramey v. State, 39 Texas Crim. Rep., 200, 45 S. W. Rep., 489.

Upon question of admitting evidence of reputation of house in the absence of the defendant: Green v. State, 56 Texas Crim. Rep., 599, 120 S. W. Rep., 1002; Wicks et al. v. State, 28 Texas Crim. App., 448, 13 S. W. Rep., 748.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—By indictment filed in the Criminal District Court of Harris County on the 30th day of April, 1909, appellant and Susie Mead were charged with keeping as lessees and tenants and with occupying and being in control of a certain house, and with keeping and being concerned in keeping same as a bawdy house; and in the second count with keeping such house as an assignation house where men and women would meet by mutual appointment for the purpose of engaging in sexual intercourse.

The reputation of the house was shown by the evidence to have been a disorderly house, as defined by the statute, and when raided at least two prostitutes, from what is known as the reservation, were found in the house. Proof is made of an admission or statement by appellant that Susie Mead was his housekeeper, and his control of the house, we think, is shown by sufficient testimony. Nearly all of the questions raised on the appeal relate to evidence introduced by the State showing the character of the inmates, their conduct, and conversations had with them showing invitations to have sexual intercourse, and offers by Susie Mead to procure for persons visiting the house women for this purpose. This testimony was objected to by counsel for appellant on the ground that these matters occurred in his absence, and that there was no evidence showing his knowledge of or concurrence in same, and that the acts and declarations of such parties were not binding on him. This testimony was admissible on the ground that it was essential to show the character of the house, and the fact that it was resorted to for the purpose of sexual intercourse. It might easily happen that a hundred such acts of prostitution might occur and yet in no case it be shown by positive testimony that appellant was either present or had actual knowledge of such misconduct. We think this testimony was admissible for the purpose named, and that the evidence is sufficient to show the house was

kept and used for the purposes denounced by the statute. It would serve no useful purpose to go into the matter in further detail.

2.   Some exception was taken to the charge of the court, but it was, in the first place, almost a literal copy of the charge requested by counsel for appellant, and was, we think, besides, a correct submission of these issues.   In addition to this, the court charged on the law of circumstantial evidence, and in terms instructed the jury that even though they believed from the evidence that prostitutes resorted to or resided in said house for the purpose of plying their vocation, or that men and women met at said house by appointment for the purpose of sexual intercourse, and yet if they had a reasonable doubt that this was without the knowledge, acquiescence or consent of appellant they would find him not guilty.

We think the issues were fairly submitted to the jury, and that the evidence supports the verdict.   So believing it must result that the judgment of conviction should be affirmed, as is now done.

*Affirmed.*

[Rehearing denied April 13, 1910.—Reporter.]