PAULINE ROBBINS v. THE STATE.

No. 701.   Decided   October   12,   1910.

Rehearing Denied December 21, 1910.

**1.—Keeping Bawdy House—Information.**

Where, upon trial of keeping a bawdy house, the information alleged that the defendant kept a house for prostitution, and that prostitutes were permitted to resort there for the purpose of plying their vocation, the same was sufficient.

**2.—Same—Charge of Court—Misdemeanor—Practice on Appeal.**

The appellate court will not reverse a misdemeanor case because of the failure of the court to charge all the law applicable to the case, in the absence of special instructions and bills of exception.

**3.—Same—Evidence—Reputation of House.**

In all cases where the character of the house or the occupany of same is a part of the crime it is permissible to admit testimony of the conduct and conversations of any party occupying the same.

Appeal from the County Court of Tarrant. Tried below before the Hon. John L. Terrell.

Appeal from a conviction of keeping a bawdy house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*McLean & Scott* and *Warren W. Moore,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for keeping a bawdy house, the punishment being assessed at a fine of $200 and twenty days in jail.

The information was filed in the County Court of Tarrant County charging the appellant with running a house kept for prostitution and where prostitutes were permitted to resort and reside for the purpose of plying their vocation, alleging the offense to have occurred on the 31st day of January, 1910.

In appellant's motion for new trial he complains that the information charges no offense, and second, that it attempts to charge different offenses in the same count. We think the information is sufficient under the law and is not subject to the criticism of counsel.

Complaint is also made that the court erred in failing to define what a prostitute is and what is meant by a house kept for prostitution. No special charges were requested by the appellant, nor are there any exceptions in the record to the charge of the court. This court will not reverse a misdemeanor case because of the failure of the trial court to charge all the law applicable, in the absence of special instructions covering the point, and bills of exception to the action of the court in omitting to give such special instructions.

We find in the record a bill of exceptions to the action of the court in permitting the State, over the objections of the defendant, to prove by the witness Waller that he, in company with Captain Blanton, went to the defendant's place of business late at night; that there was a boy at the foot of the steps who asked the witness and Blanton if they wanted some girls, and if they did to go upstairs. "He said that there were some girls up there." This testimony was objected to because it was hearsay, was the statement of a third party and made in the absence of the defendant. We are of opinion that this testimony was admissible. In all cases of this sort where the character of the occupancy is a part of the crime it is always admissible to prove the character of the occupancy, the conduct of the parties occupying the house as well as their conversations. We, therefore, are of opinion that the objection is without merit, and finding no error in the record the judgment is in all things affirmed.

*Affirmed.*

[Rehearing denied December 21, 1910.—Reporter.]