GEORGIA FINN V. THE STATE.

No. 700.   Decided October 12, 1910.

Rehearing Denied December 21, 1910.

**1.—Keeping Bawdy House—Sufficiency of the Evidence.**

Where, upon trial of keeping a disorderly house, the evidence showed that the defendant was the keeper of a disorderly house, and that the inmates of such house were common prostitutes, the conviction was sustained.

**2.—Same—Evidence—Charge—Want of Denial.**

Upon trial of keeping a disorderly house there was no error in admitting testimony that defendant was notified to stop running a disorderly house as this implied a direct charge of a violation of the law, without denial of defendant.

**3.—Same—Evidence—Reputation of House.**

Upon trial of keeping a disorderly house there was no error in admitting testimony that when the officers approached the house that there was no one there except defendant and some unknown man who jumped over the back fence when the officers approached. This was admissible in connection with other evidence to show the character of the house, even if this occurred after defendant's arrest.

Appeal from the County Court of Tarrant; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*McLean & Scott* and *Warren W. Moore,* for appellant,

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—This is an appeal from a conviction had in the County Court of Tarrant County on the 24th day of February, this year, where the appellant was found guilty on a charge of keeping a disorderly house and her punishment assessed at a fine of $200 and twenty days imprisonment in the county jail.

The evidence, we think, as a whole shows that the appellant was the keeper of a disorderly house, and that the inmates of such house were common prostitutes.

1. During the trial the State was permitted to prove by one Douglass that during the first week of September, 1909, he called on appellant and notified her to stop running a disorderly house or permit women to resort there for the purposes of prostitution. This appellant objected to because irrelevant and immaterial; that it assumed that appellant was then running a disorderly house, and further, that this testimony did not tend to establish any issue in the case, and was prejudicial to the rights of appellant. We think the testimony was admissible in that, in substance, it implied a direct charge against appellant of violation of law without denial on her part.

2. The other bill of exceptions is to the effect, in substance, that on the day of the arrest of appellant one Ellis went to the house in question and there was no one there but herself and some man whose name is undisclosed, and that this man jumped over the back fence when he saw the officers who were with the witness. This was objected to because it was the act of the third party by which appellant was not bound, and because such act occurred after the appellant's arrest. It was essential to prove the character of the house, and as evidence of this fact, in connection with the other evidence, this testimony was admissible. In Hickman v. State, 59 Texas Crim. Rep., 58, 126 S. W. Rep., 1149, in discussing a somewhat similar question, we said: "Nearly all of the questions raised on the appeal relate to evidence introduced by the State showing the character of the inmates, their conduct, and conversations had with them, showing invitations to have sexual intercourse, and offers by Susie Mead to procure for persons visiting the house women for this purpose. This testimony was objected to by counsel for appellant on the ground that these matters occurred in his absence, and that there was no evidence showing his knowledge of or concurrence in same, and that the acts and declarations of such parties were not binding on him. This testimony was admissible on the ground that it was essential to show the character of the house and the fact that it was resorted to for the purposes of sexual intercourse. It might easily happen that a hundred such acts of prostitution might occur, and yet in no case it be shown by positive testimony that appellant was either present or had actual knowledge of such misconduct. We think this testimony was

admissible for the purpose named, and that the evidence is sufficient to show the house was kept and used for the purposes denounced by the statute. It would serve no useful purpose to go into the matter in further detail." The fact, if we could assume this to be true from the bill, that this transaction occurred after appellant's arrest but on the same day, would not make the testimony inadmissible inasmuch as in point of time it was so closely connected and related to the time covered by the indictment and as in the nature of things the character of the house was not fixed necessarily by the transaction of a single day.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

[Rehearing denied December 21, 1910.—Reporter.]