JOE NOVY v. THE STATE.

No. 905.   Decided February 8, 1911.

Rehearing Granted May 31, 1911.

**1.—Disorderly House—Recognizance—Reinstatement.**

Where the recognizance failed to state the amount of punishment assessed against the appellant in a misdemeanor case, the same was defective. However, on filing of a proper recognizance the case was reinstated.

**2.—Same—Information—One Offense.**

Where, upon trial of keeping a disorderly house where spirituous and vinous liquors were kept for sale, etc., without license, the information charged that the defendant kept such a house from July 1 to November 1, 1909, only one offense was charged, and the objection that the information charged one hundred and twenty separate offenses (there being so many days intervening between the two dates) was untenable, as but one conviction could be obtained.

**3.—Same—Evidence—Freight Bills.**

Upon trial of keeping a disorderly house for the sale of vinous and other liquors, etc., there was no error in admitting in evidence the freight bills against defendant which were properly proven up by the agent.

**4.—Same—Evidence—Abbreviations.**

There was no error in admitting in evidence the freight bills or receipts against the defendant because they contained certain abbreviations indicating that they were for liquor delivered to defendant.

**5.—Same—Evidence—Internal Revenue Records.**

Upon trial of keeping a disorderly house for the sale of vinous and other liquors, etc., there was no error in admitting in evidence the examined copy of the internal revenue collector's records.

**6.—Same—Evidence—Agency.**

Upon trial of keeping a disorderly house for the sale of spirituous and vinous liquors, etc., there was no error in admitting testimony that a State's witness had purchased such liquors from defendant's clerk in his grocery store; and this although the information charged the defendant as the owner and lessee of said house, etc.

**7.—Same—Charge of Court—Agency.**

Where, upon trial of keeping a disorderly house for the sale of vinous and other liquors, etc., the information charged the defendant with being the owner and lessee of the said house, it was reversible error to charge the jury that the keeping of such house by the defendant through an agent and knowingly permitting it to be so kept, rendered the defendant guilty, as the evidence tended to show a specific sale of such liquor by one of appellant's clerks, and the defendant requested the proper charges and presented proper exceptions to the charge of the court at the time.

Appeal from the County Court of Ellis.   Tried below before the Hon. J. T. Spencer.

Appeal from a conviction of keeping a disorderly house for the sale of vinous and other liquors without license; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Farrar & McRae* and *T. H. Collier,* for appellant.—On the ques-

tion of the insufficiency of the information as being duplicitous: Scales v. State, 46 Texas Crim. Rep., 296.

Upon question of court's charge on agency: Kennedy v. State, 9 Texas Crim. App., 400; Hunt v. State, id., 404; Reid v. State, id., 472; Tooney v. State, 5 Texas Crim. App., 163.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—This is a misdemeanor case. The assistant attorney-general submits the case on motion to dismiss the appeal because, among other things, the recognizance does not state the amount of punishment assessed against the appellant by the trial court. An inspection of the record shows this to be true. We refer to the authorities cited in the case of E. S. Morford v. State, this day decided, and grant the motion. The appeal is dismissed.

*Dismissed.*

PRENDERGAST, Judge.—By complaint and information the appellant was charged with keeping a disorderly house. The information follows the complaint and is in two counts or paragraphs. After the necessary preliminary part these two counts are as follows:

"That in the County of Ellis, State of Texas, on or about the 1st day of July, A. D. 1909, and on each succeeding day from that date to the 1st day of November, 1909, one Joe Novy was the owner and lessee, and occupied and controlled a certain house, building, edifice and tenement then and there situate, which said house, building, edifice and tenement, he, the said Joe Novy, did then and there unlawfully keep and was concerned in keeping as a disorderly house, in this, that spirituous, vinous and malt liquors were sold and kept for sale in said house, building, edifice and tenement, by said Joe Novy, without first having obtained a license under the laws of this State to retail such liquors.

"And the said Joe Novy in said county and State, on said 1st day of July, 1909, and on each succeeding day from that date to the 1st day of November, 1909, was the owner and lessee, and occupied and controlled a certain house, building, edifice and tenement, then and there situate, and in which house, building, edifice and tenement he, the said Joe Novy, did unlawfully sell and keep for sale, and was concerned in selling and keeping for sale, spirituous, vinous and malt liquors, without first having obtained a license under the laws of this State to retail such liquors, against the peace and dignity of the State."

This information is properly signed by the county attorney and filed in the County Court. The trial was had March 12, 1910, and resulted in the conviction of the appellant, and his punishment fixed at a fine of $200 and twenty days in jail.

We have been unable to see any material difference in the two counts of the information. They present substantially, and only substantially,

the same thing; that is, that appellant unlawfully kept and was concerned in keeping a disorderly house, of which he was the owner, lessee, etc., in that he kept for sale and sold intoxicating liquors therein without first having obtained a license under the laws of the State, fixing the time at which he kept it, on or about July 1, 1909, and on each succeeding day thereafter to November 1, 1909. An inspection of the information will also show that the effect thereof was to charge the appellant as directly keeping the said house—not that he kept it through an agent and not that he knowingly permitted it to be kept by some one other than himself.

This prosecution was had under article 361 of the Penal Code, as amended by the Act of April 18, 1907, p. 246, which is as follows: "Any person who shall, directly or as agent for another, or through any agent, keep or be concerned in keeping, or aid or assist or abet in keeping a bawdy house or a disorderly house, in any house, building, edifice or tenement, or shall knowingly permit the keeping of a bawdy house or a disorderly house in any house, building, edifice or tenement owned, leased, occupied or controlled by him, directly as agent for another, or through any agent, shall be deemed guilty of keeping or being concerned in keeping, or knowingly permitted to be kept, as the case may be, a bawdy house or a disorderly house, as the case may be, and on conviction shall be punished by a fine of two hundred dollars and by confinement in the county jail for twenty days for each day he shall keep, be concerned in keeping or knowingly permit to be kept, such bawdy or disorderly house."

By this article it will be seen that there are, at least, three separate and distinct offenses made. One is where the party who is charged directly for himself, or as agent or through an agent, so unlawfully keeps such house. Under this offense it is not necessary under the said statute to charge that the defendant was the owner, lessee, etc. It makes no difference under this whose house it is. But if, as in this case, it is alleged the defendant is the owner, lessee, etc., it must be proven.

The offense is that the appellant himself directly kept it or did so as an agent or through an agent. The second offense is where he is charged with being concerned in keeping, or aiding or assisting or abetting, either directly or as agent, or through an agent.. Neither is it necessary under this offense to charge that the party is the owner, lessee, etc., of the house, but when charged it must be proven. The third offense is where the party is charged with knowingly permitting the keeping of such a house, in which event he must be also charged as being the owner, lessee, occupant, or in control of the house by himself directly, or as agent or through an agent.

It is not necessary for us to pass upon all the questions raised by the appellant in this case. We will only pass upon the material ones and such as may affect another trial.

1. One of the complaints is that the information charges about one

hundred and twenty separate and distinct offenses. It is true that under this statute each separate day he keeps such a house may be a separate and distinct offense, but in order to make it so it would be necessary for the information or indictment, in separate and distinct counts, to charge each day a separate and distinct offense, and unless this is done, although, as in this case, the party is charged to have kept such a house from July 1st to November 1, 1909, only one offense would be charged. · It is well established that such an offense as is charged in this case is a continuous one, and a conviction bars all further or other prosecutions up to the time of the conviction, unless the indictment or information carves out the time of the commission of the offense and the evidence, as well as the pleading, is confined to such time so carved out. Huffman v. State, 23 Texas Crim. App., 491; Fleming v. State, 28 Texas Crim. App., 234. In our opinion, the information in this case carves out but one offense and limits the time for that one offense as between the dates July 1, 1909, and November 1, 1909. Evidence can be introduced of any particular day within that time or for each and every day or any other day within the time, but one conviction only can be had for one offense only. The evidence could be introduced and is admissible for each and every day for the purpose of fixing the character of the house and showing the character of the keeping so as to establish the offense.

2. Another complaint of appellant, properly raised, is that the court erred in permitting the introduction in evidence the freight bills made out against the appellant and properly proven up by the railroad agent, and shown to have either been signed in person by the appellant, or by him through his clerk, who had authority, or indorsed by him in the same way, of various receipts of intoxicating liquors, beginning on July 1, 1909, and continuing from time to time until September 15, 1909. There was no error in the admission of this evidence.

3. Another complaint by appellant is to the admission of the testimony of this witness, the railroad agent, as to what certain abbreviations in said freight bills or receipts meant, such as, "brls. liquor," "cs. liquor," "cs. whisky," and such like abbreviations as were shown by some of these various freight bills or receipts. There was no error in admitting this testimony. Jones v. State, 35 Texas Crim. Rep., 565.

4. Another complaint by the appellant is to the admission of the testimony of the county attorney and the examined copy of the Internal Revenue Collector's records as proven up and shown by his testimony. In cases of this character this court has uniformly held, and in many cases, that such testimony was admissible. There was no error in admitting it in this case. Gersteman v. State, 35 Texas Crim. Rep., 318; Walker v. State, 49 Texas Crim. Rep., 346; Lucio v. State, 35 Texas Crim. Rep., 320; Gerstenkorn v. State, 38 Texas Crim. Rep., 621; Maddox v. State, 55 S. W. Rep., 832.

5. Complaint is also made, and the point was properly saved, as it was saved in all of the other questions, to the testimony of Emil Barta,

wherein he testified that on October 7, 1909, he purchased from Houdek, one of the appellant's clerks, in his grocery store, a bottle of whisky, detailing in his testimony how it was purchased. In cases of this character, where the charge is that a person kept such a house, as is charged in this case, the testimony of what was done and said, not only by himself but by his clerks, or other employes, which tends to show that intoxicating liquors were kept by him for sale; or, in other words, to show the character of the house. or business transaction therein, has uniformly been held by this court to be admissible. Robbins v. State, 60 Texas Crim. Rep., 523, 132 S. W., 770; Finn v. State, 60 Texas Crim. Rep., 521, 132 S. W., 805; Hickman v. State, 59 Texas Crim. Rep., 88, 126 S. W., 1149; Wilson v. State, 61 Texas Crim. Rep., 628, 136 S. W., 447; Sullivan v. State, 61 Texas Crim. Rep., 657, 136 S. W., 456.

6. Several complaints were made of the charge of the court. We deem it unnecessary to notice but one, and that is that the court not only submitted to the jury the specific charge that was made against the appellant by the information, as hereinabove explained, but that in addition thereto he submitted the keeping of such house by the appellant through an agent and of knowingly permitting it to be kept. The charge complained of, which was the charge where the case was really submitted to the jury for its finding, was as follows: "Now, if you believe from the evidence, beyond a reasonable doubt, that the defendant Joe Novy, in Ellis County, Texas, at any time between July 1, 1909, and November 1, 1909, did directly, or through any agent, keep or was concerned in keeping, or knowingly permitted to be kept, a disorderly house as heretofore defined, you will find the defendant guilty, and assess his punishment by a fine of $200 and by confinement in the county jail for twenty days for each day the offense, if any, may have been committed." This charge was excepted to by the appellant at the time it was given, the complaint thereof being that the court not only submitted the question of whether the defendant directly kept or was concerned in keeping said house, but he also directly submitted, in addition thereto, if he kept it through any agent, or knowingly permitted it to be kept, the jury was authorized to find him guilty. This exception to the charge is shown by a proper bill of exceptions taken and allowed thereto. In addition, it is made one of the specific grounds for a motion for new trial by the appellant, so that the question was properly, in every way, saved by the appellant.

Ordinarily in a misdemeanor case, as this is, a defective charge of the court, where no special charge is requested by the appellant, would not be reversible error, but where the charge itself is affirmatively wrong, as in this case, and an exception is properly taken thereto at the time, and this is shown by a proper bill of exceptions, as is done in this case, and such error is further set up in motion for new trial, we can not hold, and do not hold, that it is not reversible error. It has long been the established doctrine that when an offense is charged

to have been committed in one way it is error for the court, over the defendant's objections, to authorize the jury to convict, if the evidence shows that he violated the statute in some other way not charged in the indictment or information. Reid v. State, 9 Texas Crim. App., 472; Kennedy v. State, 9 Texas Crim. App., 400; Hunt v. State, 9 Texas Crim. App., 404; Tooney v. State, 5 Texas Crim. App., 163; Winzel v. State, 47 Texas Crim. Rep., 267.

With the law so well established and uniformly held by this court, and where the point is so clearly made and saved by proper bill of exceptions, as in this case, and the attention of the court called thereto at the time, we can not understand why judges of the lower court will commit such error and thereby with certainty require this court to reverse the case. It would have to be an extreme case for this court to affirm a case under such circumstances. Where such a plain, palpable violation of the law has been committed, over the protest and objection of the appellant, properly saved at the time, a case might be presented in a misdemeanor case where even such charge would work no injury to the appellant. In this case we can not hold this, because the testimony in the case shows or tends to show a specific sale by one of appellant's clerks of intoxicating liquor to the State's witness, Barta, and the jury may have been largely influenced to find a verdict against the appellant on account of the testimony of that witness, who was one of the appellant's clerks, showing a direct sale of intoxicating liquors, thereby finding that the appellant kept the said house as a disorderly house, by and through his said agent Barta, or that he thereby knowingly permitted it to be so kept.

The proper recognizance having been filed, appellant's motion to reinstate is granted and the former order dismissing this case is set aside.

For this above error alone the judgment in this case is reversed and the cause remanded.

*Reversed and remanded.*