### E. GOLDEN v. THE STATE.

No. 2711.     Decided November 12, 1913.

**1.—Keeping Disorderly House—Evidence—Other Transactions.**

Upon trial of knowingly permitting and keeping a house for purpose of prostitution on an information containing but one count, there was no error in permitting the State to prove that defendant owned some eight or ten other houses located in the same neighborhood as the house which he was charged with keeping, and that they were all occupied by women who were running houses of prostitution.

**2.—Same—Rule Stated—Other Transactions—Knowledge.**

Where knowledge of the character of the occupants of houses and their vocation must be traced home to defendant, testimony that he owned other houses, etc., collected rent therefor, knew the vocation they were pursuing, the reputation of the houses, etc., are admissible in evidence, although defendant is charged with keeping but one certain house for purposes of prostitution. Following Sylvester v. State, 42 Texas, 496, and other cases.

**3.—Same—Election by State—One Count—Different Misdemeanors.**

Where defendant was charged by information in but one count for keeping a disorderly house, and the evidence showed that he owned some eight or ten other houses located in the same neighborhood which were all used for purposes of prostitution, and the court, after the evidence was all closed, overruled defendant's motion requiring the State to elect on which one of these houses it would seek a conviction, and charged the jury that if defendant kept a house for prostitution, etc., to find him guilty, whereby the jury could have found him guilty for keeping either of said houses, the same was reversible error, and the State should have been required to elect upon which transaction it would seek a conviction.

**4.—Same—Rule Stated—Misdemeanor—Felony—Election by State.**

If the information contains but one count charging a misdemeanor, and the evidence discloses two or more separate and distinct transactions, the State may be required to elect unless the offense is a continuous one, but where the information contains two or more counts, the State will not be required to elect as between counts, but may ask the conviction upon all counts. The rule is different in felony cases. Following Williams v. State, 44 Texas Crim. Rep., 316, and other cases. Qualifying Williams v. State, 97 S. W. Rep., 498.

Appeal from the County Court of Navarro. Tried below before the Hon. R. R. Owen.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200.

The opinion states the case.

*Richard Mays,* for appellant.—On question of admitting evidence of other transactions; Freedman v. State, 37 Texas Crim. Rep., 115; Long v. State, 39 id., 537; Grimes v. State, 44 id., 542; Fisher v. State, 33 Texas, 792; Allen v. State, 73 S. W. Rep., 397; Denton v. State, 60 S. W. Rep., 670; Bowman v. State, 155 S. W. Rep., 939.

On question of election by State: Larned v. State, 41 Texas Crim. Rep., 509; Gelber v. State, 56 id., 460; Williams v. State, 44 id., 316; Bradshaw v. State, 32 id., 381; Carver v. State, 150 S. W. Rep., 914, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted under an information and complaint charging that on or about 1st day of July, 1912, he "was the owner of a certain house, building and edifice, which he then and there did knowingly and unlawfully permit to be kept as a house for purposes of prostitution, and where prostitutes were permitted to resort and reside for the purpose of plying their vocation."

The information contains but one count. The State was permitted to prove by Willie Lewis that she rented a house from appellant; that she was a prostitute, and had plead guilty and been fined as a common prostitute. The State also was permitted to prove that appellant owned some eight or ten other houses located in the same neighborhood as the house rented by Willie Lewis, and that they were all occupied by women who were running houses of prostitution. The defendant objected to the testimony going to show that this witness and the occupants of the other houses had been arrested charged with being prostitutes; that when they were arrested he went on their bonds, and that he owned some eight or ten houses other than that occupied by Willie Lewis, all of which were occupied by other prostitutes who were plying their vocation. As this is an offense where knowledge of the character of the occupants and their vocation must be traced home to appellant, all this testimony was properly admitted in evidence. Any testimony which would tend to show that the houses were houses of prostitution; that appellant was the owner of such houses, and collected rent from the occupants; that he knew the vocation the occupants were pursuing, would be admissible, and the court committed no error in admitting the evidence that was adduced on the trial. Reputation of the houses in question was admissible under all of our decisions, as well as the other facts herein recited. We have thus grouped all the bills of exception to the introduction of testimony, and hold that the court committed no error

in admitting same, as it was necessary to trace knowledge to defendant that the women were prostitutes, and were running houses of prostitution. Sec. 547 of White's Ann. Penal Code, and cases there cited. There are many decisions of this court on the questions raised by appellant, and they are all adverse to his contention. It has been held that a house may be proven to be a disorderly house by the general reputation of the character of the women residing at or frequenting the house. Sylvester v. State, 42 Texas, 496; Ramey v. State, 39 Texas Crim. Rep., 200; Owens v. State, 53 Texas Crim. Rep., 1; Morris v. State, 38 Texas, 603; Golden v. State, 34 Texas Crim. Rep., 143; Harkey v. State, 33 Texas Crim. Rep., 100; Wimberly v. State, 53 Texas Crim. Rep., 11. It has also been held that the general reputation of the inmates may be proven. Forbes v. State, 35 Texas Crim. Rep., 24; Downs v. State, 23 S. W. Rep., 684; Frazier v. State, 47 Texas Crim. Rep., 24. Acts of defendant showing knowledge of the character of the women is admissible. Brown v. State, 68 S. W. Rep., 176. Evidence of acts showing conduct and conversation had with inmates is admissible to show character of the place. Hickman v. State, 59 Texas Crim. Rep., 88, 126 S. W. Rep., 1149; Robbins v. State, 60 Texas Crim. Rep., 523, 132 S. W. Rep., 770; Finn v. State, 60 Texas Crim. Rep., 521, 132 S W. Rep., 805. Rendition of property for taxes made and sworn to by defendant admissible as a circumstance tending to show ownership. Frazier v. State, 47 Texas Crim. Rep., 24. Deed made to defendant to property in question is admissible on the question of ownership. Frazier v. State, 47 Texas Crim. Rep., 24. Many other cases could be cited showing the admissibility of the testimony in regard to which the bills of exception were reserved, but we deem it unnecessary, as the above cases pass upon virtually every question raised by appellant as to the admissibility of the testimony.

However, as hereinbefore stated, the information and complaint contains but one count, and it is charged in that count that he knowingly permitted a house owned by him to be kept as a house of prostitution and as a place where prostitutes resorted and resided. The evidence offered in behalf of the State would show that appellant was the owner of Lots 6 to 9 in Block 120, Lots 3 and 4 in Block 121, and Lot 1 in Block 120. The evidence further shows that he had some ten houses located on these lots, and that Willie Lewis lived in one of these houses; that women named Erie and Tobe occupied another of these houses; that Lizzie Lee occupied another; that Bacilla Brown occupied another; Earl Lewis another; Tecie Alexander another; Willie Hodge, Annie Burns and Mamie Crackshot also occupied houses, making eight separate and distinct houses occupied by eight separate and distinct women, all of whom were shown by the evidence introduced in behalf of the State to be prostitutes, and each of whom were shown to be running houses of prostitution. This evidence, offered in behalf of the State, under our decisions was admissible to trace knowledge to appellant that he

was permitting a house owned by him and under his control to be used as a house of prostitution.

When the State closed its evidence appellant filed a motion asking that the State be required to elect on which one of these houses (as the indictment contained only one count) it would seek and ask a conviction. The court declined to force the State to elect, and this is assigned as error. Again, after all the testimony had been introduced both for the State and defendant, the defendant asked that the State be required to elect for which house it would ask a conviction. The court again overruled the motion, and in his charge instructed the jury that if appellant knowingly permitted "a house owned by him to be kept as a house of prostitution and a place where prostitutes were permitted to resort and reside they would find him guilty." Thus it is apparent by the charge given that if the jury found that either of the eight houses occupied by the eight separate and distinct persons was a house of prostitution they would be authorized to find the appellant guilty. Appellant complains of this charge of the court, and the failure of the court to require the State to elect upon which house it would seek a conviction, and the failure to give special charges in regard to this matter. Thus the issue is squarely presented to us, in a misdemeanor case, where the indictment or information contains only one count, and the evidence for the State would sustain a conviction not only as to the one count, but would sustain a conviction as to seven other separate and distinct offenses of the same character and kind, committed contemporaneously, can the court in his charge authorize a conviction of either of the eight distinct offenses on the one count? Doubtless it is true a conviction thus obtained, as contended by the State, would bar a prosecution for all eight of the separate and distinct offenses shown by the testimony, offered in behalf of the State, to have been committed. But the question arises even in a misdemeanor case, where the information charges only one offense to have been committed, can the State offer evidence of eight separate and distinct offenses of the same character and kind, and secure a conviction upon proof of either of the eight? Can a defendant upon an indictment charging only one offense be required to defend against eight offenses of the same character and kind? If the indictment had charged eight separate and distinct offenses, by eight separate and distinct counts in the indictment, there is no question that the defendant could have been tried and convicted on all eight counts, or such number of them as the evidence justified, this being a misdemeanor; that is, if the indictment or information charged separate and distinct offenses in separate and distinct counts, the person on trial could, if the evidence justified, be convicted of each and all the offenses charged in the separate and distinct counts contained in the information or indictment. Our decisions all so hold, and the text-books sustain these decisions. In a felony, of course, the rule is that the indictment must relate to but one transaction; it must charge but one offense or transaction. If the facts render it uncertain as to the offense committed, in

a felony, the indictment in different counts may charge separate and distinct offenses, but the counts must relate to the same transaction. In a misdemeanor this is not the rule. The indictment may charge separate and distinct offenses if contained in separate and distinct counts. Thus in a misdemeanor the indictment may charge a theft on a certain date, and in a separate and distinct count may charge another theft to have been .committed on a separate and distinct date, and from another and different person than that contained in the first count, and a conviction had upon either or both the counts contained in the indictment. Thus separate and distinct offenses may be charged in a misdemeanor case in separate and distinct counts, and no election required, while in a felony an election will be required if separate and distinct offenses are disclosed by the testimony. In a felony case, while the indictment may contain separate and distinct counts to meet the proof, yet the counts. must relate to the same transaction; while in a misdemeanor case, if the indictment contains two or more counts, it may relate to separate and distinct transactions, and a conviction obtained upon either or all of them in one trial if the evidence justifies.

Where an indictment or information contains but one count, charging a misdemeanor, our decisions are not clear whether or not the State can be required to elect. In the case of Williams v. State, 97 S. W. Rep., 498, and other cases, it has been held by this court that the State could not be required to elect, even if the information contained but one count and the evidence showed other several distinct offenses of the same character and kind. In the cases of Williams v. State, 44 Texas Crim. Rep., 316; Larned v. State, 41 Texas Crim. Rep., 509; Thweatt v. State, 49 Texas Crim. Rep., 617, and other cases, it has been held error in misdemeanor cases where the information contained but one count, not to require the State to elect upon which offense it would ask a conviction. It is thus seen our decisions are in conflict, the court in some cases holding it in error, and in other cases saying the State would not be required to elect, but the better doctrine we believe to be as laid down by Mr. Wharton: "Where a specific offense is charged, the indictment can not be sustained by proof of a second offense even on the same day. This results from the general principles that evidence of offenses collateral to that in the indictment can not be received, and that the issue should be single. And should it happen that the evidence discloses several successive offenses, any one of which could sustain a conviction, the prosecution (unless the charge is for a continuous offense) must elect the offense which it will pursue." If the information contains but one count, and the evidence discloses two or more separate and distinct transactions, the State may be required to elect unless the offense is a continuous one. If the information contains two or more counts, the State will not be required to elect as between counts, but it may ask for and secure a conviction upon all counts. The evidence in this case showing the renting of eight different houses to as many different people, and the defendant having moved for and demanded an election at the

proper time, it was error not to require the State to elect upon which transaction it would seek a conviction.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*