### JOHN P. DAVIDSON v. THE STATE.

#### No. 3401.   Decided February 10, 1915.

#### Rehearing denied March 3, 1915.

**1.—Permitting Keeping of Disorderly House—Information—Negative Averments.**

Upon trial of knowingly permitting the keeping of a disorderly house, it was not necessary to negative matters of defense which are no part of the definition of the offense. Following William₃ v. State, 37 Texas Crim. Rep., 238.

**2.—Same—Evidence—Defendant's Declarations—Title.**

Upon trial of keeping a disorderly house, there was no error in admitting testimony that defendant had admitted that he was the owner of the alleged building in which the disorderly house was kept, and it was not necessary to prove title. Following Frazier v. State, 47 Texas Crim. Rep., 24.

**3.—Same—Evidence—Circumstances—Opinion of Witness.**

Upon trial of permitting of keeping a disorderly house, there was no error in admitting testimony as to what a witness heard keeping watch outside of the door of the room in which a woman and a man had entered at night, and that the noises he heard tended to show that they were having sexual intercourse; these were facts, and not an opinion of the witness.

**4.—Same—General Reputation—Evidence.**

Upon trial of permitting the keeping of a disorderly house, there was no error in admitting testimony of the general bad reputation for chastity of the woman who kept the house and the inmates thereof. Following Wimberly v. State, 53 Texas Crim. Rep., 11, and other cases.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of permitting the keeping of a disorderly house, the evidence sustained the conviction, there was no reversible error, and it was no defense that defendant notified the inmates of the house to vacate the same after prosecution was begun.

Appeal from the County Court of Nacogdoches.   Tried below before the Hon. E. B. Lewis.

Appeal from a conviction of permitting the keeping of a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Ingraham & Hodges,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of sufficiency of evidence and indictment: Ramey v. State, 39 Texas Crim. Rep., 200.

HARPER, JUDGE.—Appellant was prosecuted under that portion of article 500 of the Penal Code, which provides any "person who shall knowingly permit the keeping of a disorderly house in a building owned by him shall be deemed guilty of a misdemeanor."

Appellant moved to quash the information because it did not allege that he "had not immediately proceeded to prevent the keeping of same, and did not allege that he had not given the county attorney notice that such house was being kept on his premises." These matters are matters of defense, and are no part of the definition of the offense in article 500; therefore, it was not necessary to negative such facts in the complaint and information. Williams v. State, 37 Texas Crim. Rep., 238; Slack v. State, 61 Texas Crim. Rep., 372, 136 S. W. Rep., 1073.

Appellant objected to a State's witness being permitted to testify that appellant had admitted to him he was the owner of the building in which it was alleged the disorderly house was being run, his contention being that it was not the way to prove title. The title to the property was not being adjudicated on this trial, and the court did not err in admitting the testimony. Frazier v. State, 47 Texas Crim. Rep., 24.

J. L. Burrows was permitted to testify that one night while watching the house in April: "There was another woman stopping in one of the north rooms, and, the night of the day that I saw her there I went up that night and got in the hall of Mrs. Noulin's place and watched the room occupied by this woman; after being outside a while a man came to the door, knocked and the woman came to the door and opened it. The man went in. And after they were in there a while I heard noises as if people were undressing and directly I heard noises as if people were going to bed. Shortly after hearing a noise as of people going to bed, I heard the bed squeaking and the springs of the bed rattling." Appellant objected to this testimony on the ground that it was "but an opinion." It seems to us the witness was testifying to facts within his knowledge, upon which a jury would be authorized to find a rather decided presumption.

Witnesses were permitted to testify that the general reputation of Mrs. Noulin, the keeper of the house, and Mrs. Wilkerson, an inmate, for virtue and chastity was bad. The court did not err in admitting this testimony. Sylvester v. State, 42 Texas, 496; Wimberly v. State, 53 Texas Crim. Rep., 11.

This disposes of all the bills of exceptions in the record. The case was tried by the court without a jury, at appellant's instance. The State's evidence would authorize a conviction, and the trial court so adjudges. Appellant earnestly contends that as soon as he was informed of the character of the house being run, he did all he could to have the woman vacate the premises. It appears that facts were developed before the grand jury in January or February that led the county attorney to believe a disorderly house was being run on appellant's premises by Mrs. Noulin. He did not indict appellant, but wrote him a letter notifying him that a disorderly house was being run on his premises by

Mrs. Noulin.  Appellant went to see the county attorney and told him he was going west on some business, and to make additional investigation. The county attorney told him he did not need to make additional investigation,—he knew facts sufficient to show him the character of the house.  Appellant went west, returning in March or April.  The rental contract was by the month, yet on May 25th appellant had not moved Mrs. Noulin from the premises.  The State's evidence would authorize a finding that Mrs. Noulin continued to run a disorderly house during all that period.  On May 25th the county attorney filed a complaint against appellant and he was arrested.  Two days later (May 27) he gave Mrs. Noulin written notice to vacate the premises.  Prosecution had already been commenced, and his efforts came too late.  The county attorney had given him personal notice of the character of the house in February; had waited until May for appellant to move Mrs. Noulin. He had taken no legal steps to do so, and it was too late to begin to do so after prosecution had been begun.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied March 3, 1915.—Reporter.]