## MIKE SCHWIMMER V. THE STATE.

### No. 4916. Decided November 13, 1918.

**Disorderly House—Reputation—Knowledge of Witnesses.**

Where, upon trial of keeping a disorderly house, the State's witnesses showed an absence of knowledge, upon which to base their conclusions, they should not have been permitted to testify to the reputation of the house in question, and such knowledge extends in some degree to the estimate of such reputation of said house in the community, and the admission of such testimony was reversible error.

Appeal from the County Court of Bexar. Tried below before the Hon. Nelson Lytle.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of two hundred dollars and twenty days confinement in the county jail.

The opinion states the case.

*Heilborn & Mathews,* for appellant.—On question of reputation of house: Sara v. State, 22 Texas Crim. App., 639, and cases stated in the opinion.

*E. B. Hendricks* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of keeping a disorderly house as defined in article 496, Penal Code.

He was keeping a disorderly house which he had occupied about two months. The police were notified of a disturbance at his house and found therein four soldiers and three women occupying connecting rooms. The disturbance was caused by one of these soldiers, who was under the influence of intoxicating liquor. Another room was occupied by a man and woman. The evidence showed that these women had been or were prostitutes but appellant disclaimed knowledge of that fact. He said that the man and woman who occupied one of the rooms had rented it from him upon the representation that they were husband and wife; that one of the other women was in his house without his knowledge or consent; that he had rented the room on the night in question to two girls who claimed to be working girls, and he believed them to be such. It was shown that the girl who had gone to the house without his consent had accompanied one of those to whom he had rented the room; that they had entered the house without arousing the landlord, appellant, and this girl who was the guest of her companion claimed that she had not expected to meet men and had consented to occupy a room with them after she reached the premises upon the persuasion of her companion; that she had formerly been a prostitute but had abandoned that life.

These facts constituted practically the evidence developed except some police officers testified that the house bore a reputation of

orderly one. Before giving this testimony they were interrogated by appellant as to their knowledge and after his examination of them he made objection to their giving testimony touching the reputation of the house, claiming that it affirmatively appeared that they were not possessed of knowledge of facts upon which to form or express such conclusion. The sole facts which these witnesses disclosed upon the subject showed that in connection with their duties as police officers they had seen noted on a book at the police station memoranda showing that the authorities had been advised over the telephone of a disturbance on the premises. No arrest or prosecution had resulted and the witnesses were not aware of any investigation having been made based on the information mentioned. They were unable to give the time at which they saw the memoranda or to state that it occurred at any time during the two months appellant had occupied the premises.

In this character of prosecution the reputation of a house is a legitimate inquiry. Hickman v. State, 59 Texas Crim. Rep., 88. Evidence of character or reputation is in the nature of opinion testimony (Ruling Case Law, vol. 10, p. 954, sec. 125) and generally speaking the qualification of a witness to give such testimony is for the court to decide, and ordinarily the court's ruling will not be reviewed. When, however, the witness on a preliminary examination discloses an absence of knowledge upon which to base his conclusion the court should not permit him to give it. Wigmore on Evidence, sec. 691,. vol. 1; also sec. 654, vol. 1. Reputation is estimate in which one is held in the community and proof of it should be made by one whose knowledge extends in some degree to the estimate of the community; that is, how it is generally regarded therein.

In our opinion the witnesses mentioned showed an absence of such knowledge, in consequence of which the court should have rejected their testimony to the reputation of the premises.

The evidence of the State to prove the offense charged is not strong. Appellant introduced evidence which, if believed, explained all the circumstances against him.

We are, therefore, of the opinion that the admission of the improper testimony was harmful to an extent that it requires a reversal, which is ordered.

*Reversed and remanded.*