# JUNE 20, 1934

### NICOLAS LOPEZ ADAMS v. THE STATE.

No. 16656. Delivered June 20, 1934.

The opinion states the case.

*Geo. W. Edwards,* and *Tom C. Johnson, Jr.,* both of San Marcos, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is keeping a bawdy house; the punishment, a fine of two hundred dollars and confinement in jail for twenty days.

It is now made to appear by supplemental transcript that the complaint is in proper form. The opinion heretofore rendered reversing the case and ordering the prosecution dismissed is withdrawn and the following substituted in lieu thereof:

Bills of exception 21 to 29, inclusive, show that the State proved by several witnesses that appellant's reputation for virtue and chastity was bad. Appellant had not placed her reputation in any respect in issue. She did not live in the houses alleged to have been occupied by prostitutes, but resided in another house with her husband. There was no evidence that the house in which appellant resided was a bawdy house, and no proof that appellant plied the vocation of a prostitute. Appellant's objection to this testimony should have been sustained. We quote from Gamel v. State, 17 S. W., 158, as follows: "As shown by the defendant's second bill of exceptions, the prosecution was allowed to prove, over objection, the defendant's general reputation for want of chastity. In Allen v. State, 15 Texas App., 320, it is said: 'The bad character of the prisoner is entirely immaterial in the first instance in determining whether he was the keeper of the house;' and it was held that a defendant could not be held liable as the keeper of a disorderly house by evidence of common reputation as to his character. The indictment is for keeping a disorderly house, not the keeper's character for being a common prostitute, or having a reputation for want of chastity. Such evi-

dence was not admissible, because it did not tend to prove the issue to be tried. Burton v. State, 16 Texas. App., 156."

We are aware of the holding in Dailey v. State, 55 S. W. 823. There it was held proper on a trial for keeping a disorderly house to prove that the accused bore the reputation of being a common prostitute. It is not shown in the opinion in Dailey Case whether or not the accused was an inmate of the house. The decision in Gamel v. State, supra, is controlling in the present case.

A witness testified in effect that it was well known that appellant conducted a bawdy house. This testimony was inadmissible.

Upon another trial an election between transactions should be required. The State's proof was to the effect that appellant conducted more than one bawdy house. The complaint and information contained one count. We quote from Golden v. State, 160 S. W., 957, as follows:

"Where an indictment or information contains but one count, charging a misdemeanor, our decisions are not clear whether or not the state can be required to elect. In the case of Williams v. State, 97 S. W., 498, and other cases, it has been held by this court that the state could not be required to elect, even if the information contained but one count and the evidence showed other several distinct offenses of the same character and kind. In the cases of Williams v. State, 44 Texas Crim. Rep., 317, 70 S. W., 957, Larned v. State, 41 Texas Crim. Rep., 509, 55 S. W., 826, Thweatt v. State, 49 Texas Crim. Rep., 617, 95 S. W., 517, and other cases, it has been held error in misdemeanor cases, where the information contained but one count, not to require the state to elect upon which offense it would ask a conviction. It is thus seen our decisions are in conflict, the court in some of the cases holding it error and in other cases saying the state would not be required to elect, but the better doctrine we believe to be as laid down by Mr. Wharton: 'Where a specific offense is charged, the indictment cannot be sustained by proof of a second offense even on the same day. This results from the general principles that evidence of offenses collateral to that in the indictment cannot be received, and that the issue should be single. And should it happen that the evidence discloses several successive offenses, any one of which could sustain a conviction, the prosecution (unless the charge is for a continuous offense) must elect the offense which it will pursue.' If the information contains but one count, and the evidence discloses two or more separate and distinct trans-

actions, the state may be required to elect unless the offense is a continuous one. If the information contains two or more counts, the state will not be required to elect as between counts, but it may ask for and secure a conviction upon all counts. The evidence in this case showing the renting of eight different houses to as many different people, and the defendant having moved for and demanded an election at the proper time, it was error not to require the state to elect upon which transaction it would seek a conviction."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.