## LOU LAMAR v. THE STATE.

*No. 3421.    Decided March 19.*

**Disorderly House — Indictment.** — By amendment to article 341 of the Penal Code, as contained in the Acts of the Twenty-first Legislature, p. 33, the offense of keeping a disorderly house is expressly limited and restricted by a proper construction of the language used, and the punishment for keeping the same is only denounced against the "owner, lessee, or tenant" of the house. *Held,* that under this statute an indictment for keeping a disorderly house which fails to allege that the accused was either "the owner," "the lessee," or "the tenant," is fatally defective and does not charge the offense as now known to our law.

APPEAL from the County Court of Bee. Tried below before Hon. W. R. Hayes, County Judge.

Appellant was convicted under an indictment charging her, in four separate counts, with keeping a disorderly house; but in neither of

which was she charged with being the "owner," "tenant," or "lessee" of the house. At the trial she was convicted, her punishment being assessed at a fine of $200.

*Leonidas C. Hill* and *Fly & Hill*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—The offense of keeping a disorderly house, as defined in article 339 of the Penal Code, and the punishment therefor, as provided in article 341, has been essentially changed by an act approved April 4, 1889 (Gen. Laws 21st Leg., p. 33). By article 339, "disorderly house" was defined; and by article 341 it was provided that any person who shall keep, or be in any way concerned in keeping, a disorderly house shall be fined, etc.

The amendment to article 339 by the Act of the Twenty-first Legislature, *supra*, amends and adds to the definition, as contained in the old article of the Penal Code, giving a broader and more extensive definition to the term, "a disorderly house." Article 341, as amended by said act, provides, that "any owner, lessee, or tenant who shall keep, or be concerned in keeping, or knowingly permit the keeping of, a disorderly house, in any house, building, edifice, or tenement owned, leased, or occupied by him, shall be deemed guilty of keeping, or being concerned in keeping, or knowingly permitting to be kept, as the case may be, a disorderly house, and shall be punished by a fine of $200 for each day he shall keep, be concerned in keeping, or knowingly permit to be kept, such disorderly house," etc.

The indictment in the case in hand, which charges appellant with keeping a disorderly house, contains four counts. The first charges that she did unlawfully keep, and was concerned in keeping, a disorderly house, to-wit, a house of prostitution; the second count, that she "did then and there unlawfully keep, and was concerned in keeping, a disorderly house, to-wit, a house where prostitutes were permitted to resort;" the third, that she "did then and there keep, and was concerned in keeping, a disorderly house, to-wit, a house where prostitutes were permitted to reside for the purpose of plying their vocation; fourth, that she did then and there keep, and was concerned in keeping, a disorderly house, to-wit, a house where malt liquors were kept for sale, and prostitutes, lewd women, and women of bad reputation for chastity were employed, kept in service, and were permitted to display and conduct themselves in a lewd, lascivious, and indecent manner." The indictment nowhere alleges that the appellant was the owner, lessee, or tenant of the house which she is alleged to have been keeping as a disorderly house. Under the old law (article 341, Penal Code), it was provided, that "any person" who shall keep, or be in any way concerned

in keeping, a disorderly house shall be punished, etc. By article 341, as amended by the Acts of the Twenty-first Legislature, as above quoted, it will be seen that the provision is not "any person," as in the old law, but "any owner, lessee, or tenant who shall keep," etc., shall be punished, etc. By the amendment to article 341 of the Penal Code, as contained in the Acts of the Twenty-first Legislature, it seems that our Legislature has limited this offense now to "any owner, lessee, or tenant" who shall keep, or be concerned in keeping, or knowingly permit the keeping of, a disorderly house, in any house, building, edifice, or tenement "owned, leased, or occupied by him." Under the plain construction of this statute, any person not the "owner, lessee, or tenant" of a house occupied by him does not come within the purview of, and can not be punished for, this offense.

Such being the plain import of the language of our present law upon the subject, an indictment is not sufficient unless it avers that the party keeping the disorderly house was either the owner, lessee, or tenant of the same. The punishment for keeping a disorderly house is only denounced against the owner, lessee, or tenant who shall keep, or be concerned in keeping, the house occupied by him.

Because the indictment fails to charge the offense as now known to our law under the act of the Twenty-first Legislature as above set out, the same is fatally defective and insufficient; for which reason the judgment is reversed and the cause dismissed.

*Reversed and dismissed.*

Davidson, J., absent.