### BILLIE CLIFFORD v. THE STATE.

#### No. 3598. Decided June 16, 1915.

#### Keeping Disorderly House—Sufficiency of the Evidence—Charge of Court —General Reputation.

Where defendant was indicted with keeping and being concerned in keeping, and knowingly permitting to be kept her house, etc., for prostitution, both as owner, lessee and tenant, etc., and the evidence showed that she kept said house, or was concerned in keeping the same, it was not necessary to show that she was either the owner, lessee, or tenant of same, and it being shown by the evidence, outside of the general reputation of said house, that it was one kept for prostitution, and there being no exceptions to the charge of the court, the conviction is sustained.

Appeal from the County Court of Bexar. Tried below before the Hon. Nelson Lytle.

Appeal from a conviction of keeping disorderly house; penalty, a fine of two hundred dollars and twenty days confinement in the county jail.

The opinion states the case.

*Chambers, Watson & Reyes,* for appellant.—On question of insufficiency of the evidence: Malloy v. State, 126 S. W. Rep., 598; Robinson v. State, 132 S. W. Rep., 944.

On question of allegation of ownership and proof thereof: Collier v. State, 4 Texas Crim. App., 12, and cases supra.

On question of general reputation: Moore v. State, 53 Texas Crim. Rep., 559, 110 S. W. Rep., 911.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of owner, lessee, and tenant: Frazier v. State, 47 Texas Crim. Rep., 24.

On question of general reputation: Ramey v. State, 39 Texas Crim. Rep., 200; O'Brian v. State, 55 id., 431; Brown v. State, recently decided; Joliff v. State, 53 Texas Crim. Rep., 61.

On question of landlord and landlady: City of Milwaukee v. Beatty, 135 N. W. Rep., 873.

DAVIDSON, JUDGE.—The information contains three counts. The first charges appellant with keeping, and being concerned in keeping, and knowingly permitting to be kept a house, building, edifice and tenement for prostitution, where prostitutes were permitted to resort and reside for the purpose of plying their vocation. The second count charges that appellant kept and was concerned in keeping and knowingly permitted to be kept the said house, building, edifice and tenement for prostitution where prostitutes were permitted to resort and reside for the purpose of plying their vocation. In the second count she was charged as being the lessee of the house. In the third count she is charged with being the tenant of the house.

The court gave no charge except those requested. For the State he charged the jury with reference to an assignation house, theater, playhouse, etc. The second charge given for the State was that if the State had proved any one of the counts the jury should convict. The third was that any person who shall directly or as agent for another, or through any agent, keep or be concerned in keeping or aid or assist or abet in keeping a bawdy house or a disorderly house in any building, etc., or be concerned in keeping and knowingly permitting to be kept a bawdy house, etc., shall be punished. Another charge was given supposedly at the request of the defendant, though the record is not clear, that in order to justify a conviction under the information, the State must show beyond a reasonable doubt that the defendant was the owner, lessee or tenant of the house, and must also show same was a disorderly house, and unless this has been shown beyond a reasonable

doubt, an acquittal should follow. That was given. He also charged there must be other evidence beyond general reputation, and also that appellant must be the owner, lessee or tenant of the house. There are no exceptions reserved to any of the charges given for the State. The statute provides that "any person who shall, directly or as agent for another, or through any agent, keep or be concerned in keeping, or aid or assist or abet in keeping, a bawdy house or a disorderly house, in any house, building, edifice or tenement, or shall knowingly permit the keeping of a bawdy house or a disorderly house in any house, building, edifice or tenement owned, leased, occupied or controlled by him, directly as agent for another, or through any agent, shall be deemed guilty of keeping, or being concerned in keeping, or knowingly permitted to be kept, as the case may be, a bawdy house or a disorderly house, as the case may be, and, on conviction, shall be punished," etc. Appellant was convicted under this statute. This statute seems to be broad enough to cover almost anything in the way of being concerned in keeping a disorderly house or a bawdy house. Now the indictment charges her with knowingly keeping, etc., and permitting people to resort there for the purpose of prostitution. The facts show that these girls were there, and they were prostitutes; at least offered to go to bed with men who visited there. It is also shown that appellant was the "landlady" and looked after the premises. The general reputation of the house is shown to be one kept for prostitution. Of course appellant could not be convicted on general reputation; there must be other facts. There seems to have been enough facts to show that women of dissolute character—prostitutes—resorted there and were found plying their vocation, or offering to do so, and the evidence is that she was the "landlady" of the house and claimed to be. It was not necessary, it occurs to us under this statute, for her to be either the owner, lessee or tenant. If she kept the house, or was concerned in keeping it in any way, this statute seems to be broad enough to cover her case; at least such has been the decisions of this court. While the writer has not been altogether in harmony with the decisions on these matters, still the case under the decisions is sufficiently made out by the facts to justify a conviction under this statute and under the allegations in the complaint. It would be useless now, on the part of the writer, to review these questions. One of the latest cases upon this question is Davidson v. State, recently decided, in an opinion by Judge Harper.

The judgment will, therefore, be affirmed.

*Affirmed.*