SALTY RENFRO v. THE STATE.

No. 4176. Decided October 25, 1916.

**1.—Disorderly House—Jury and Jury Law—Verdict.**

Where, upon trial of a misdemeanor, in the District Court, the jury was composed of twelve men, eleven of whom signed the verdict of guilty and one refused to sign the same, and it appeared from the record that pending the trial of the case, no one of the jurors was excused or discharged, the verdict was a nullity and the judgment must be reversed and the cause remanded.

**2.—Same—Rule Stated—Jury and Jury Law—Misdemeanor—District Court.**

The law provides that there must be twelve jurors in the District Court in misdemeanor cases, and where the record showed upon appeal that upon trial of a misdemeanor in the District Court, twelve jurors were selected to try the case, and none of them were discharged pending the trial, an agreed verdict of ten or eleven of the jurors who signed the same, the twelfth refusing to do so,

is invalid under the Constitution and laws of this State, which requires that the District Court has no authority to receive a verdict of less than twelve jurors except under the circumstances therein stated, which is that if, for legal cause, one or as many as three are discharged, the remainder may render a verdict in misdemeanor cases.

### 3.—Same—Insufficiency of the Evidence—General Reputation.

General reputation alone is not sufficient to justify a conviction under the bawdy house statute, there must be something in addition to that, which shows that the inmates of the house are carrying on the business of prostitution, etc., and where the evidence in the instant case did not show this, the conviction will not be sustained. Prendergast, Presiding Judge, and Harper, Judge, not expressing an opinion.

### 4.—Same—Evidence—Lewd Women—Evidence.

Where, upon trial of keeping a disorderly house, there was testimony that certain women had been lewd theretofore, but had moved away from that part of town where they carried on such business, and gone to defendant's house, they ought not to be held guilty unless it be shown they were still plying their vocation, and were still lewd women, and reputation alone is not sufficient. Prendergast, Presiding Judge, and Harper, Judge, expressing no opinion.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of two hundred dollars and twenty days confinement in the county jail.

The opinion states the case.

*El J. Gibson,* for appellant.—On question of verdict: Bowen v. Davis, 48 Texas. 101; Ray v. State, 4 Texas Crim. App., 450.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for unlawfully and knowingly permitting to be kept a disorderly house, his punishment being assessed at a fine of $200 and twenty days imprisonment in the county jail.

There are quite a number of questions suggested in bills of exception why this judgment should be reversed. Two of them are stressed in the brief. The case was tried in one of the Criminal District Courts of Dallas County, which seems to have jurisdiction, under the Act of the Legislature, to try misdemeanors.

The jury was composed of twelve men. The judgment shows that ten of the twelve signed the verdict. The record seems, however, independent of the judgment, to show that eleven of the jurors signed the verdict. One of the jurors not only did not sign the verdict, but refused and would not agree to the conviction. The contention of appellant is, that this was error, and we believe his contention is sound.

The Constitution, article 5, section 13, provides: ". . . In trials of civil cases, and in trials of criminal cases below the grade of felony in the District Courts, nine members of the jury, concurring, may

render a verdict, but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it. When, pending the trial of any case, one or more jurors, not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power to render the verdict; provided, that the Legislature may change or modify the rule authorizing less than the whole number of the jury to render a verdict."

This provision of the Constitution took immediate effect, legislation not being necessary. It authorized a verdict by nine jurors subject to be changed by the Legislature. It is apparent from reading the Constitution that the Legislature was empowered to change or modify the rule therein set out in regard to this particular matter. This was also held in Bowen v. Davis, 48 Texas, 101. The Act of the Legislature with reference to this matter is article 765 of the Code of Criminal Procedure, as follows: "In cases of misdemeanor, in the District Court, where one or more of the jurors have been discharged from serving after the cause has been submitted to them, if there be as many as nine of the jurors remaining, those remaining may render and return a verdict; but, in such case, the verdict must be signed by each one of the jurors rendering it."

So it will be seen from this statute that, in order for less than twelve jurors to return a verdict not more than three must be discharged from serving after the case has been submitted to them, provided, of course, it can not be reduced below nine. There must be a discharge, and this discharge must be subsequent to the time the case is submitted to the jury. Article 758 of the Code of Criminal Procedure bears upon this question, and reads as follows: "In a misdemeanor case, in the District Court, if nine of the jury can be kept together, they shall not be discharged but if more than three of the twelve are discharged, the entire jury must be discharged." The Legislature having express authority to enact these statutes, they are, of course, constitutional. It is unnecessary here to discuss the question what would be a sufficient ground for the discharge of one or more of the jurors under the circumstances provided by the Constitution and the statute. It must be a legal ground and such as authorizes the court to discharge the juror. The law provides there must be twelve jurors in the District Court in misdemeanor cases. There were twelve in the case in hand; none of them were discharged. Ten or eleven of them agreed to a verdict; the twelfth refused to coincide. Under the Constitution and the statute there is no authority in the District Court to receive a verdict of less than twelve jurors in misdemeanors except under the circumstances therein stated. While the jury remains intact with the full complement the verdict must be by the twelve. If for legal cause one or as many as three are discharged, the remainder may render a verdict. We have found no authority, and none has been pointed out to us, where the court can receive a verdict in the District Court in a misdemeanor case with less than the verdict of a full jury, all of them

being present. Without discussing this matter further, we are of opinion that the action of the trial court was error for which this judgment must be reversed.

It is contended that the evidence is not sufficient to support the conviction. The writer is of opinion this position is sound. There are several counts in the indictment. The State proved the bad reputation of the house and the bad reputation of some of the inmates. Appellant's wife at one time, it seems, had been in bad repute for chastity. There were two or three women in the house whose reputation was bad, and had before this been lewd women and their reputation was still bad. They had lived in a different part of Dallas. They were friends of appellant's wife. After he and his wife married they moved to a different part of the City of Dallas and rented a house. These women went to appellant's house and were staying there or boarding there; at least they were in the house. The record shows that one of the women had not heretofore lived under suspicious circumstances, but had been seduced and given birth to a child, and she was at this house with this child. The evidence, as the writer understands this record, does not show that these women committed any act of lewdness at the place where appellant lived. A witness testifies that he was there on two or three occasions and was served with beer, and that when the beer was brought in from the dining room he would see a dollar on the table in the dining room, though he was in a different room. He saw nobody put the dollar at the place designated, and does not know that any beer was paid for when he was there; and he testified that he saw no one pay any money to anybody for the beer. This is the only witness who testifies anything with reference to any sale of intoxicants. Reputation alone is not sufficient to justify a conviction under the bawdy house statute. There must be something in addition to that which shows the inmates of the house were carrying on the business of prostitution, or were having sexual intercourse.

As these are the two questions presented by the brief, we have discussed those. The evidence took a very wide range, running back over the lives of these women for a long while and prior to the time they moved to appellant's house. The writer is of opinion that the exceptions taken to some of this testimony should have been sustained. If these women had been lewd heretofore and had left the part of town where they carried on such business and gone to a different part of it, they ought not to be held guilty unless it be shown they were still plying their vocation. There ought to be some act showing they were still lewd women. They may not have reformed, and they may be still lewd women, but there ought to be some evidence to show that fact; reputation is not alone sufficient. That reputation seems to have been based very largely on the fact of their previous bad conduct. Whether the writer is correct or not in this matter, there ought to be some evidence of the fact that they were engaged in that business. While reputation may be proved as authorized by the statute still

reputation is not enough to make out a case or overcome the presumption of innocence and reasonable doubt; there must be some fact independent of reputation going to prove the State's case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, PRESIDING JUDGE, and HARPER, JUDGE.—We concur on the first question decided, but express no opinion on the second question wherein Judge Davidson expresses his individual views.