P. T. AUSTIN v. THE STATE.

No. 6664.  Decided November 15, 1922.

**Keeping a Bawdy House—Information.**

Where, upon trial of keeping a bawdy house, the information simply alleged that defendant kept and was concerned in keeping a bawdy house, the same would have been good under the old law, but under the amendment of 1889 was insufficient, and the prosecution is dismissed.

Appeal from the County Court of Wichita.  Tried below before the Honorable Edgar Scurry.

Appeal from a conviction of keeping a bawdy house; penalty, a fine of $500 and confinement in the county jail for 20 days.

The opinion states the case.

*Davenport & Thornton,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for keeping a bawdy house.

The information nowhere alleges that appellant "owned," "leased," "occupied" or "controlled" the house. It simply alleges that he "kept and was concerned" in keeping it. The information would have been good under the old law. Killman v. State, 2 Texas Crim. App., 222; Lowe v. State, 4 Texas Crim. App., 34. But such is not the case under present Article 500, P. C.; Lamar v. State, 30 Texas Crim. Rep., 693, 18 S. W. Rep., 788; Mitchell v. State, 34 Texas Crim. Rep., 311, 30 S. W. Rep., 810. Under the amendment of 1889 only the "owner, lessee or tenant" was liable to such prosecution. Under the amendment of 1907, p. 246, Acts Legislature, the person who owns, leases, occupies or controls the house, or who acts as the agent of such person, may be prosecuted. No offense is charged under the present information.

The judgment is reversed, and the prosecution ordered dismissed.

*Dismissed.*