CORDA LOWRY v. THE STATE.

No. 7848.   Decided November 28, 1923.

Rehearing denied January 16, 1924.

**1.—Keeping Bawdy House—Indictment—Arrest of Judgment.**

Where the indictment charged the keeping of a bawdy house but did not allege that accused owned, leased, occupied, or controlled the same, a requested charge that the jury should acquit unless the evidence showed that the appellant owned, leased, occupied or controlled the house to acquit defendant, and after conviction filed a motion in arrest of judgment attacking the sufficiency of the indictment for the omission of such allegations and both were overruled, there is no reversible error.

**2.—Same—Statutes Construed—Indictment.**

An analysis of article 500 P. C. reveals that it is only when an accused is charged with knowingly permitting the keeping of a bawdy house that

it is necessary to allege and prove that the said house is owned, leased, occupied or controlled by him, but that it is not necessary to so allege or prove when accused is charged with the keeping of such house. Following Clifford v. State, 77 Texas Crim. Rep., 204 and other cases. Overruling Austin v. State, 92 Texas Crim. Rep., 591.

**3.—Same—Reputation of House—Practice in Trial Court.**

Where a witness for the State was asked if he knew the reputation of the house with the keeping of which appellant was charged, and answered that its reputation was that of a house of prostitution, the objection as presented was properly overruled and there was no error in not withdrawing said testimony under the facts of the instant case.

Appeal from the County Court of El Paso. Tried below before the Honorable J. M. Deaver.

Appeal from a conviction of keeping a bawdy house; penalty a fine of two hundred dollars and twenty days confinement in the county jail.

The opinion states the case.

*Davis, Jackson & Fryer* for appellant.—On question of indictment cited cases in opinion.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.—cited cases in opinion.

HAWKINS, JUDGE.—Conviction is for keeping a bawdy house. Punishment, fine of two hundred dollars and twenty days in the counay jail.

The indictment charged the keeping of a bawdy house but did not allege that accused owned, leased, occupied or controlled the same. Appellant requested the court to charge the jury that unless appellant owned, leased, occupied or controlled the house which she was charged with keeping they should aquit her, and after conviction filed a motion in arrest of judgment attacking the sufficiency of the indictment for the omission of such allegations. The requested charge and the motion in arrest are based upon the opinion in Austin v. State, 92 Texas Crim. Rep., 591, 244 S. W. Rep., 1011. Our state's attorney has called attention to the conflict between the Austin case and other decisions of this court. Our opinions on the subject of keeping bawdy houses are confusing unless they are read in connection with the statute in effect at the time they were rendered. Prior to 1889 the law did not make it necessary to allege or prove that the keeper of the bawdy house was the owner, lessee or tenant thereof. Killman v. State, 2 Texas Crim. App., 222; Lowe v. State, 4 Texas Crim. App., 34. The amendment to this law passed by the Legislature in 1889 made it necessary to allege and prove that the alleged keeper of such house was the owner, lessee, or tenant. Lamar v. State, 30

Texas Crim. App., 693, 18 S. W. Rep., 788; Mitchell v. State, 34
Texas Crim. Rep., 311, 30 S. W. Rep., 810. The law was again
amended in 1907 and is carried forward in the revision of the
Penal Code in 1911 as Article 500. It reads:

"Any person who shall, directly or as agent for another, or through
any agent, keep or be concerned in keeping, or aid or assist or abet
in keeping, a bawdy house or a disorderly house, in any house,
building, edifice or tenement, or shall knowingly permit the keeping
of a bawdy house or a disorderly house in any house, building,
edifice or tenement owned, leased, occupied or controlled by him,
directly as agent for another, or through any agent, shall be deemed
guilty of keeping, or being concerned in keeping, or knowingly
permitted to be kept, as the case may be, a bawdy house or a dis-
orderly house, as the case may be, and, on conviction, shall be pun-
ished by a fine of two hundred dollars, and by confinement in the
county jail for twenty days for each day he shall keep, be concerned
in keeping or knowingly permit to be kept, such bawdy or dis-
orderly house." . An analysis of the Article in question reveals that
it is only when an accused is charged with knowingly permitting
the keeping of a bawdy house that it is necessary to allege and
prove that the said house is owned, leased, occupied or controlled
by him, but that it is not necessary to so allege or prove when accused
is charged with the keeping of such house. Clifford v. State, 77
Texas Crim. Rep., 204, 178 S. W. Rep., 365; Spears v. State, 89 Texas
Crim. Rep., 459, 323 S. W. Rep., 326; Mosher v. State, 62 Texas
Crim. Rep., 42, 136 S. W. Rep., 467, are direct authority for this
construction. The opinion in the Austin case (supra) is clearly
wrong and resulted from an incomplete analysis of the statute and
from a failure to have our attention called to the authorities above
cited, and it is expressly overruled. It follows that the trial court
committed no error in overruling the motion in arrest of judgment
and in declining to give the special charge requested. ·

A witness for the State was asked if he knew the reputation of
the house with the keeping of which appellant was charged and
answered that its reputation was that of a house of prostitution.
No objection was urged to the form of the question but was based only
on the ground that it was immaterial and irrelevant. The objection
as presented was properly overruled. Later appellant requested
the court to withdraw this testimony from the jury on the ground
among others, that the inquiry was not as to the general reputation
of said house. Exception is reserved to the failure of the court to
grant this request. We think it unnecessary to discuss the matter
at any length. The other evidence in the case is amply sufficient
to establish the guilt of appellant as the keeper of a bawdy house
and we can not regard the matter complained of as so serious as to
require a reversal. If the objection had been to the form of the

question at the time it was propounded doubtless it would have been changed to meet the criticism.

Finding no error which would call for a reversal the judgment is affirmed.

*Affirmed.*

[Rehearing denied January 16, 1924.—Reporter.]