MRS. JOSEPHINE JOHNSON V. THE STATE.

No. 9664.   Delivered December 9, 1925.

**Keeping a Bawdy House—Evidence—General Reputation—Not Sufficient.**

Where, on a trial for keeping a bawdy house, the only evidence of cogency presented was that the house of appellant had the general reputation of being bad. Under our authorities the general reputation of a house alone is held not sufficient to support a conviction, and this cause must for that reason be reversed. Following O'Brien v. State, 177 S. W. 133, and other cases cited.

Appeal from the County Court of Lamar County.   Tried below before the Hon. W. Dewey Lawrence, Judge.

Appeal from a conviction for keeping a bawdy house, penalty a fine of $200.00 and twenty days in jail.

The opinion states the case.

*Patrick & Eubank,* of Paris, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is keeping a bawdy house and the punishment is a fine of $200.00 and twenty days in jail.

The information contains many counts, but the court only submitted the one with reference to running a bawdy house.

A deputy sheriff testified that he went to the defendant's home on the night of March 17, 1925, with the sheriff and other officers and that they found ten people there. That they stood on the outside and watched them and they were dancing and playing the piano and victrola and that he saw them in the kitchen-pantry drinking something out of bottles. Later when they went in the house they found one bottle that had some whiskey in it, a pint bottle about half full. That they arrested all the parties in the house that night. After the officers entered the house and before making the arrest they seemed to have stayed in there sometime and their testimony

fails to disclose any fact which would indicate that the parties in the house were in any manner improperly conducting themselves. In fact, the state's testimony shows that at least one of the officers participated in the dancing. There was also proof that the general reputation of the house was bad, so far as it being disorderly was concerned. In fact, this proof as to its general reputation is the only suggestion in the record tending to show the appellant's guilt. The State's testimony affirmatively shows that no witness was able to testify to any act of intercourse between any parties whatsoever in said house at any time. The proof of general reputation alone is not sufficient on which to base a verdict of guilty. O'Brien v. State, 117 S. W. 133. Ramy v. State, 45 S. W. 459. Renfro v. State, 189 S. W. 137. Clifford v. State, 178 S. W. 365. Cross v. State, 213 S. W. 638. Also see Hardaman v. State, 273 S. W. 585.

Because the evidence is insufficient to support the verdict, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.