## R. W. WOOTEN V. THE STATE.

No. 11401.　Delivered March 28, 1928.

**1.—Swindling, a Misdemeanor—Appeal Bond—Amount of Same—Presumption Indulged.**

This appeal was dismissed at a former day of this term because of a supposedly defective record, the basis of the dismissal being that the record failed to affirmatively show that the amount of the appeal bond had been fixed by the trial court. In this we were in error.

**2.—Same—Continued.**

While the statute requires that the amount of the appeal bond be fixed by the court below, we now hold that in the absence of some affirmative showing in the record that the amount of such bond had not been fixed by such court, we will indulge the presumption of its regularity. Overruling Hardeman v. State, 100 Tex. Crim. Rep. 358. Distinguishing Turpin v. State, 86 Tex. Crim. Rep. 96, and Wiseman v. State, 70 Tex. Crim. Rep. 477.

**3.—Same—Evidence—Of Good Faith—Erroneously Excluded.**

Where a check given by appellant for the purchase of some merchandise was dishonored by the bank on which it was drawn, although appellant had more than sufficient funds on deposit to pay same, it was error to refuse to permit proof that appellant's checks had theretofore been honored by said bank, though drawn in amounts greater than that agreed upon by appellant, with said bank.

Appeal from the County Court of Hunt County. Tried below before the Hon. N. E. Peak, Judge.

Appeal from a conviction for swindling, a misdemeanor, penalty a fine of $25.00 and sixty days in jail.

The opinion states the case.

*Ben F. Lowrie,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE. — Conviction for misdemeanor swindling, punishment a fine of $25.00 and sixty days in the county jail.

This appeal was dismissed at a former day of this term because of a supposedly defective record. Re-examination of same has led us to the conclusion that the appeal should be reinstated, and it is accordingly done. The basis of the dismissal was the fact that the record failed to affirmatively disclose that the amount of the appeal bond had been fixed by the trial court, and Hardeman v. State, 100 Tex. Crim. Rep. 358, 273 S. W. 584, was relied upon for authority. In that case we held, in substance, that the record on appeal must affirmatively make apparent the fact that the amount of the bond had been fixed by the trial court prior to the taking of such bond. The only authority cited in our opinion for such holding was Turpin v. State, 86 Tex. Crim. Rep. 96. We are of opinion that this court misconceived the effect of the holding in the Turpin case, supra, for we find on closer analysis of same that the record on appeal in that case affirmatively showed that the amount of the bond was not fixed by the trial court. While the statute requires that the amount of such bond be fixed by the court below, we are of opinion that in the absence of some affirmative showing in the record that the amount of such bond had not been fixed by such court, we would indulge the usual presumption of regularity. Such appears the effect of the holding in the Turpin case, supra. The Wiseman case, 70 Tex. Crim. Rep. 477, which is discussed and cited as authority in the opinion in the Turpin case, as well as the authorities cited in said Wiseman opinion, seem in accord with the conclusion now announced. We are of opinion that the case of Hardeman v. State, supra, announces an incorrect conclusion and the same will be overruled. The opinion dismissing this case is withdrawn, the mandate issued on the judgment of dismissal is recalled, the appeal reinstated and now considered on its merits.

Appellant purchased certain articles of merchandise, giving therefor a check drawn on the First National Bank of Quinlan, Texas. From the record it appears without dispute that he had on deposit with said bank at the time the sum of $77.00. Upon the proposition that the bank had an oral agreement with appellant by which he bound himself not to draw more than $20.00 a month for use in purchasing groceries, and that he had already checked out that amount during the current month, the bank refused payment of said check. Appellant offered to prove on this trial that subsequent to the date of the alleged

agreement referred to, his checks on said bank had been honored in one month for an amount exceeding $20.00. The court excluded this testimony, and in this we are of opinion that error appears. One of the essential elements of this offense is that the accused "has no good reason for believing his check will be paid when presented in the ordinary course of business." It would appear material to appellant's contention that he believed the check in question would be paid when presented, to prove that other checks given during the same month exceeding the amount of $20.00 had been paid by the bank. As touching his good faith in the transaction, appellant offered to testify that when he gave the check in question he believed it would be paid when presented for payment because of the amount of money he had in the bank and because of the fact that he had been permitted to withdraw more than $20.00 during some other month. Upon objection he was not allowed to testify to his belief in this regard. This also seems an error.

For the errors mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*