ZORA (JACKIE) CRIM v. THE STATE.

No. 14421. Delivered October 28, 1931.

*J. W. Culwell,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for keeping and permitting to

be kept a disorderly house; punishment, a fine of $200 and twenty days in the county jail.

The state's attorney with this court has filed his written opinion stating that in his judgment the facts in this record do not make out a violation of the law. We are inclined to agree with him.

The complaint is somewhat vague, but appears to charge the offense described in article 514 of our Penal Code. Same charges appellant with wilfully and knowingly maintaining, occupying and controlling a house known as the York Hotel, as a bawdy house, to-wit: a house where prostitutes were permitted to resort and reside for the purpose of plying their vocation. The facts show that appellant and her husband moved into said hotel in December, 1930; that the officers raided the place along in February, 1931, and arrested a number of parties; that one of said parties, a woman, pleaded guilty to being a vag, but under which section of the vagrancy law she was charged is not shown. It was also shown that the general reputation of this woman for being a prostitute was bad. We find also in the record testimony that the general reputation of the York Hotel as a house of prostitution is bad. We held in Johnson v. State, 102 Texas Crim. Rep., 409, 278 S. W., 210, that a conviction could not be had for maintaining a disorderly house upon proof that such house had the general reputation of being a disorderly house. See also Golden v. State, 72 Texas Crim. Rep., 19, 160 S. W., 957. There is no testimony showing how long the woman referred to as found in the York Hotel, at the time of the raid in question, had been an inmate of said house, or that she was ever employed there, or that appellant ever knowingly or wilfully permitted her to resort and reside in said house for the purpose of plying her vocation. We regret to reverse cases for the insufficiency of the testimony, but a careful study of this record convinces us that not enough proof was made against this appellant of the fact that she wilfully or knowingly permitted prostitutes to resort and reside in the York Hotel, to form the basis of a fair judgment of conviction.

The judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*