LULA MAE SMITH V. THE STATE.

No. 15663.   Delivered March 1, 1933.
Reported in 57 S. W. (2d) 846.

The opinion states the case.

*Allen K. Patillo,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—Keeping a disorderly house is the offense; penalty assessed at a fine of $200 and confinement in the county jail for a period of twenty days.

The offense is denounced in article 514, P. C., 1925.

From the state's testimony, it appears that Lula Mae Smith lived at 509½ Dallas avenue, Houston, Harris county, Texas. An officer testified that Peggy Davenport, Annie Barber, and Leona Thornton lived with Lula Mae Smith at the place stated. The officer testified: "I have been solicited from the bottom doorway of this house, and all of these girds have been convicted of vagrancy, as being a common prostitute, and soliciting charges in the Corporation Court."

In detail, the officer said that he had arrested Annie Barber in a park close by; that the man who was with her admitted that he was going to fill a date with her. The officer testified further:

"I, at one time, went up into this house and found Peggy Davenport and a man by the name of Cotton Grabel in a little kitchen leading off from a bed room, where they were cooking breakfast."

"I know that the place in question bears the general reputation of being a house of prostitution. I know that the inmates of said house bear the reputation of being common prostitutes."

On cross-examination the officer testified that Annie Barber, at the time he arrested her, was tried and found not guilty; that the rooming house occupied by the appellant was on the second and third floors of the building; and that the girls were downstairs on the street when they solicited the officer. The officer further stated: "From my personal knowledge I do not know of any unlawful acts having been committed in this house. I know of no time where, within my observation, a man and a woman were at said house for the purpose of sexual intercourse."

Two other officers gave practically the same testimony as that set out above.

As to notice of the appellant of the unlawful conduct of the inmates of her house, the record is silent. Knowledge by the accused of the alleged unlawful acts of the persons who resided in her house was an essential element in justifying her conviction. The evidence shows that the parties lived at the apartments conducted by the appellant, which were on the second and third stories of the building; but it fails to show that in the apartment under her control, there had been any miscon-

duct of either of the girls named. Aside from the solicitation which did not take place in the building and of which no notice was shown in the appellant, there were no specific acts of the inmates shown that were criminal. One of the girls was seen with a man cooking breakfast in the kitchen. Some of the inmates had been arrested a number of times, but when or under what circumstances and where the appellant was at the time is not disclosed. Only one girl was arrested by one of the officers who testified, and she had been tried and acquitted. Some of the leading cases on the subject are Johnson v. State, 102 Texas Crim. Rep., 409; Crim v. State, 42 S. W. (2d) 1027; Hardeman v. State, 100 Texas Crim. Rep., 358.

The facts in evidence are not deemed sufficient to support the verdict. Therefore, the judgment is reversed and the cause remanded.

*Reversed and remanded.*