### F. A. WILSON V. THE STATE.

No. 16129.   Delivered November 15, 1933.
Rehearing Denied December 20, 1933.
Reported in 64 S. W. (2d) 773.

The opinion states the case.

*D. L. Broadus,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted in the County Court of Jefferson County, Texas, of the offense of keeping and being concerned in keeping, and then and there aiding, assisting, and abetting in the keeping of a bawdy house, which was then and there a house kept for prostitution and where prostitutes were permitted to resort and reside for the purpose of plying their vocation, and his punishment assessed at a fine of $200.00 and 20 days in jail.

The facts as disclosed by the record are substantially as follows: Mike Cawley owned a building located at the corner of Park and Milam streets. He had owned that building since 1921 or 1922. Mr. Durso operated a cleaning and pressing shop underneath, and the Elmer Body Works also occupied a portion of that building downstairs. The upstairs was rented to the appellant two or three years prior to the trial of this case. He, the appellant, took care of the whole building and collected the rent for Mr. Cawley and received a certain per cent for collecting the rents and such was the arrangement that existed between Mr. Cawley and the appellant for some time prior to and up to the time that this offense was alleged to have been committed. The evidence further shows that during the time that the appellant was in possession of said building and renting the upstairs apartments that several women rented rooms from him and carried on illicit intercourse with men and that these women paid him at the rate of $5.00 per week.

The appellant moved to quash the information upon the following grounds: First: The information does not designate the house alleged to have been kept by the defendant; Second: The information does not allege facts which would constitute the offense in that it is not alleged that defendant was either the owner, lessee, or agent of either the owner or lessee of said house; and Third: because the information attempts to allege more than one offense in the same count in that it charges the defendant kept said house and also that he did assist and abet in keeping the bawdy house. We do not believe that the appellant's objections to the information are well taken. The appellant in support of his contention cites the case of Austin v. State, 244 S. W., 1011, but this case was expressly overruled by this court in the case of Lowry v. State, 257 S. W., 266, in which case the court held contrary to the appellant's contention. Where several ways are set forth in the same statute by which an offense may be committed, and all are embraced in the same general definition, and made punishable in the same

manner, they are not distinct offenses and may be charged conjunctively in the same count. Willis v. State, 29 S. W., 787. Judge Brooks, in the case of Schulze v. State, 56 S. W., 918, said: "The indictment is not duplicitous nor ambiguous, as contended by the appellant, since the same follows the statute, and is certain to every legal and reasonable intendment. Duplicity consists in alleging in one count separate and distinct offenses. The rule never applies to allegations of different phases of the same misdemeanor. It is proper and right in charging a misdemeanor, to charge the different phases that will go to constitute the misdemeanor in the same count in the indictment." Citing Nicholas v. State, 5 S. W., 239; Moore v. State, 40 S. W., 287; Dailey v. State, 55 S. W., 823.

By bill of exception No. 2 appellant complains of the action of the trial court, at the conclusion of the evidence, in refusing to sustain his motion for a directed verdict of not guilty on the ground that the state had wholly failed to show that defendant either was the owner or lessee of the premises used. We do not believe that the court committed any error in this respect, and in support hereof we refer to the case of Carlton v. State, 51 S. W., 213, in which this court, speaking through Judge Davidson, said: "Appellant's contention is that the evidence does not show he was the lessee or tenant of the premises and hence a conviction could not be had. Several charges were requested, and exceptions reserved to their refusal. We believe the criterion given the jury in the charge in regard to the issue of tenancy was correct and it was not error to refuse the special instruction. The defendant took the witness stand in his own behalf and testified that he had leased the premises in question, which lease was cancelled on November 5, 1896. That he entered into an agreement with the landlord, which took effect at once, the terms of which were he was to manage and control the house and to rent the rooms to lodgers. He was to have two rooms for himself and family and there was no length of time stipulated as to his occupancy. These rooms were rent free, and he was to receive, in addition, one-third of the proceeds arising from renting the remaining rooms, after deducting expenses, and it was shown that he occupied the two rooms reserved. He received one-third of the net proceeds for his services and was to receive two-thirds for Mr. Dunnica. By the terms of the agreement, the appellant was to run and manage the house and rent out the rooms to lodgers. We are of the opinion that this was a rental contract and appellant was occupying the house as the lessee or tenant of Dunnica." We believe that the case at bar falls within the rule announced by

Judge Davidson in the case of Carlton v. State, supra. In the case of Stone v. State, 85 S. W., 807, this court, speaking through Judge Henderson, said: "In a prosecution for keeping a disorderly house, evidence that the defendant was in possession or in actual control of the house was sufficient to establish ownership for the purpose of the prosecution, although he had not title and was not a lessee or tenant."

By bill of exception No. 3 the appellant complains of the action of the trial court in refusing to direct the jury to return a verdict for the defendant because of a fatal variance between the information and the evidence in this, that the information charged the offense to have happened on the 2nd day of January, 1933, and the evidence shows that the offense, if any was committed, was committed some time in the year 1932. We do not believe that the court committed any error in this respect inasmuch as this was a continuous offense. The keeping and aiding and assisting and abetting in the keeping of the bawdy house was continuous although each day was a separate offense under the statute. Mr. Wharton on Criminal Procedure, vol. 11, sec. 1410, lays down the rule as follows: "The mere passage of time does not by itself break up into parts an offense otherwise continuous. If the transaction is set on foot by a single impulse, and operated by an unintermittent force, it forms a continuous act, no matter how long a time it may occupy." Hence, we believe that under the allegations in the information that the appellant on or about the 2nd day of January, 1933, did keep and aid in keeping a bawdy house would justify the introduction of testimony to prove and sustain the charge in the information at any time within two years prior to the date of the filing of the information. The information did not specifically charge that the appellant on the 2nd day of January, 1933, did keep and was concerned in keeping a bawdy house, but charged that it was on or about said date, and under the allegations the state was not bound to any specific date but could make proof that the appellant committed the offense at any time within two years prior to said 2nd day of January, 1933.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the light of the motion for rehearing and the precedents cited which have been examined, we are constrained to regard the disposition of the case upon the original hearing as properly made.

The motion is overruled.

*Overruled.*