PAULA GIBSON V. THE STATE.

No. 22153. Delivered June 3, 1942.

The opinion states the case.

L. R. Blake, of Houston, for appellant.

Dan W. Jackson, Criminal District Attorney, and E. B. Duggan and John H. Meyers, Assistant Criminal District At-

torneys, all of Houston, and *Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

.DAVIDSON, Judge.

This is an appeal from a conviction for keeping a bawdy house; the punishment, a fine of $200.00.

Appellant and Marilyn Miller were joint tenants, occupying a two-bedroom apartment in an apartment house. According to the testimony of the appellant, they operated therein a massage parlor, where they gave alcohol rubs and oil massages. Tables and furniture incident to the conduct of such a business were in the apartment.

On the 18th day of December, 1941, a plain clothes officer of the City of Houston, working with, and as a member of, the vice squad, appeared at the apartment, knocked for admission, and was admitted by the appellant, who inquired of him if he wanted an alcohol rub or a massage. The officer replied that he wanted neither but was under the impression that he "could get something else there." Appellant thereupon asked him if he wanted a "date," to which he replied in the affirmative; and, upon being informed by appellant as to the amount she charged for a "date," the officer told her he would have to "go outside and would let her know later - - -." The officer left and did not return. This prosecution was instituted the following day. No other persons, save and except appellant and the officer, were in the apartment on this occasion. The officer testified that he was acquainted with language commonly used by prostitutes; that the words "fill a date," when used by them meant to engage in an unlawful act of sexual intercourse; and that the apartment bore the general reputation of being a house of prostitution and appellant bore the general reputation of being a common prostitute.

Two other officers, also members of the vice squad, attested the general reputation of the apartment and the appellant, as also that of Marilyn Miller, in the particulars mentioned which they fixed as existing on the date of the alleged offense. One of these officers testified that, about a week prior to the alleged offense, he went to the apartment about 3:00 P. M., on which occasion appellant admitted to him that she and Marilyn Miller were running the place. This officer also testified that, a few days prior thereto, he was at the apartment one night, when

Marilyn Miller "solicited" him. He did not give a meaning of this term.

Appellant, testifying as a witness in her own behalf, denied that she was a prostitute and denied that she kept or operated her apartment as a house of prostitution. She said that she had never been arrested or charged with vagrancy on a complaint that she was a common prostitute. She said that, on December 18th, 1941 (the date the offense is alleged to have been committed), she had been living in the apartment only ten days, having rented it with Marilyn Miller on December 8th, 1941. Her testimony relative to any previous charge or arrest, as well as to the time she had occupied the apartment, was unchallenged by any testimony for the State.

Appellant's conviction is made to depend upon the foregoing facts, which she challenges as being legally sufficient to authorize that conclusion.

Mere proof that a place bears the general reputation of being a house of prostitution is not, of and within itself, sufficient to show that it is such in fact, or that it is a bawdy house, within the meaning of that term as defined in Art. 510, P. C. Johnson v. State, 278 S. W. 210, 102 Tex. Cr. R. 409; Crim v. State, 42 S. W. (2d) 1027, 118 Tex. Cr. R. 93; Smith v. State, 57 S. W. (2d) 846, 123 Tex. Cr. R. 93; Hardeman v. State, 273 S. W. 584, 100 Tex. Cr. R. 358; Clifford v. State, 178 S. W. 365, 77 Tex. Cr. R. 204.

It is equally well settled that general reputation is not, alone, sufficient to show that a woman is a prostitute. There must be some evidence, direct or circumstantial, to show acts of sexual intercourse by her with men. Levy v. State, 208 S. W. 667, 84 Tex. Cr. 493; Cox v. State, 205 S. W. 131, 84 Tex. Cr. R. 49.

These rules are applicable and controlling here.

Under the facts here presented, the State showed that: (a) the apartment where the appellant and co-tenant resided bore the general reputation of being a house of prostitution; (b) both appellant and co-tenant bore the general reputation of being common prostitutes; (c) on one occasion, the appellant, for pay, agreed to engage in an act of sexual intercourse

with a male person; and (d) the co-tenant "solicited" a male person. There is an absence of any proof, direct or circumstantial, that either of the occupants of the apartment, or any other female, while in the apartment, engaged in acts of sexual intercourse with men.

Under the authorities and rules stated, these facts are deemed insufficient to support this conviction.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.