### G. R. COFFMAN V. THE STATE.

No. 22252. Delivered November 25, 1942.

The opinion states the case.

*Alan K. Pattillo*, of Houston, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted by a jury in County Court at Law No. 2, Harris County, on the charge of keeping a bawdy house. The court upon the jury's verdict assessed the statutory penalty of $200.00 and twenty days in jail, from which he appeals.

We find nine bills of exception in the record, the first eight of which are entirely without merit. Bill of exception number nine properly raises a question as to the sufficiency of the evidence. We have reviewed the record very carefully and are in agreement with appellant's contention. One witness, a negro porter, testified that he worked for the defendant as a porter at this hotel off and on for the past seven years; that Mr. Coffman was the manager and was such manager at the date alleged in the complaint and information. This witness repudiated a statement made by him at the time the policeman raided the premises and that statement was introduced for the limited purpose of impeaching the witness. In it we find evidence of guilty knowledge on the part of the accused. It is our view, however, that inasmuch as it was introduced for the limited purpose of impeaching the witness it could not be considered by the jury for the purpose of supplying evidence of guilty knowledge on the part of the accused. Policemen testified that they had visited the place before and on some such visits saw appellant there. He would be behind the registration desk or at other places. He was probably shown to have been in charge of the place.

Police raided the premises at 9:20 o'clock in the evening and remained there until 1:00 o'clock next morning. When arriving there, they found the negro porter at the entrance who gave them information. They asked where the girls were and the porter told them that one was in bed sick and another was busy. They found four altogether in rooms and others came with men to the hotel during the time that they were there but it is not shown that they came for immoral purposes. The men were not called as witnesses. It was testified that the place bore the general reputation of being a bawdy house and that a number of the girls arrested there bore the general reputation of being common prostitutes. They were taken by the officers to the clinic but no further evidence is in the record as to them.

The State has filed no brief in the case and we are not advised as to what evidence is specifically relied upon to con-

nect appellant with immoral conduct on the premises. Appellant presents the cases of Crim v. State 42 S. W. (2d) 1027 and Smith v. State, 57 S. W. (2d) 847. This case is distinguishable from the Crim case only in that the girls operating in the Crim case lived in the hotel but the only transaction with which they were connected by the evidence was that they stood at the foot of the staircase and solicited men to meet them. It was not shown that Crim knew anything about this or that any transaction was had in his place of business. In the record before us we find the evidence of one young man, by deposition, by agreement, to the effect that he had visited the hotel on numerous occasions during the past two years and that always the negro porter would ask him if he wanted a girl. On five or six of these times he did and on the rest he did not. Another instance occurred about two hours after the place was raided and while the officers were there. One of the girls, with the consent of the officers, while they had appellant under arrest, was permitted to and did make a date with a man and filled it in view of the officer who observed through a partially open door what took place and also observed the man pay her two dollars. Certainly the appellant was not responsible for this transaction. On cross examination, the officer said he did not remember whether he told the girl to fill this date or not and he further stated "I would not say that I didn't tell her that, no sir."

The State apparently relies on this transaction and on the testimony of the witness whose deposition was read but in neither case is it shown that appellant had any knowledge of what was taking place. We think the evidence is insufficient to sustain the conviction: Johnson v. State 102 T. C. R. 409, 278 S. W. 210; Golden v. State, 72 T. C. R. 19, 160 S. W. 957; Crim v. State, supra; Smith v. State, 57 S. W. (2d) 846.

The judgment of the trial court is reversed and the cause is remanded.