## CARRIE TAYLOR V. STATE

No. 34,115.  January 24, 1962
Motion for Rehearing Overruled March 7, 1962

*Ivan Irwin, Sr.,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *John Rogers, Robert Maloney, O. H. Harris, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for keeping a disorderly house; the punishment, 20 days in jail and a fine of $200.

The State's evidence shows that appellant was manager of an apartment and rooming house in the city of Dallas. On the date alleged in the information, Detectives Johnston and Gee of the Dallas Police Department, Special Service Bureau, went to the address around 4 P.M. When they arrived, Officer Johnston went inside the house and Officer Gee remained outside.

Officer Johnston testified that after he entered the house, he was met in the hall by the appellant; that he asked appellant

if a girl by the name of Frances Cummings Bankhead was there, to which appellant replied that she was and that she would go get her; that appellant then opened a door and said: "That will be one dollar, and will you wait in this room here?"; that he told appellant he would have to cash a check and he then went outside and talked to Officer Gee; that he came back in the house and when he returned he saw a man and a woman known by the name of Delores Bobbett talking to appellant; that he heard appellant say: "That will be one dollar for the room"; the couple then went into the room which had been assigned to him; that appellant then told him: "You wait here, and I'll get Frances for you and you can use her room"; that appellant then returned with Frances Bankhead, who said: "Well, let's go back to my room," and as they started to the room, appellant said: "Just a minute, that will be one dollar"; that he then paid appellant a dollar and went to a room with Frances Bankhead, where she offered to fill a date of prostitution with him for $5.00. Officer Johnston testified that he then placed her under arrest and then proceeded to arrest appellant. He further testified that after arresting appellant, he saw Delores Bobbett and her male companion in the room which had been assigned to them and at such time, the man had on his pants, but no shoes or shirt and Delores had on only her lower underclothing.

It was shown that the two women, Frances Cummings Bankhead and Delores Bobbett, had the general reputation of being common prostitutes and that the house in question had the general reputation for being a house of prostitution and assignation.

It was further shown that other women had been arrested at the house for being common prostitutes and that appellant had been advised by the officers. Appellant had stated to the officers that she was manager of the house; that she would rent a room to anyone for a dollar and that she knew: "* * * that girls came to her house and rented rooms with their dates * * *."

Appellant did not testify or offer any evidence in her behalf.

Appellant insists that the evidence is insufficient to sustain the conviction because it does not show that the house in question was one of prostitution. Appellant relies upon the rule stated in Gibson v. State, 144 Texas Cr. Rep. 263, 162 S.W. 2d 703 and in other cases decided by this court that mere proof that a place bears the general reputation of being a house of prostitution is not, of and within itself, sufficient to show that it is a bawdy house. While such is the rule in this state, the State's

evidence in the instant case goes further than mere proof that the house in question bore the general reputation of being an assignation or disorderly house. The State's evidence also shows that girls were having prostitution dates for hire in the house with appellant's consent and acquiescence and is sufficient to sustain the conviction. See Green v. State, 320 S.W. 2d 818.

Complaint is made by appellant to the court's charge because it did not instruct the jury on the law of circumstantial evidence. A charge on circumstantial evidence is not required where the testimony directly connects the accused with the offense. 20 Texas Jur. 2d, par. 33, p. 280-284. The testimony of the officers in the instant case is sufficient to directly connect appellant with the offense.

Complaint is made to the court's refusal of certain charges requested by appellant.

Appellant's requested charge No. 1 would have instructed the jury that they could not convict appellant unless they found from the evidence that on the date in question appellant knew that women in the house were prostitutes and plying their trade at such location. The question of lack of knowledge was not raised by the evidence as an affirmative defense and the court did not err in refusing to give the instruction. Bond v. State, 171 Texas Cr. Rep. 119, 345 S.W. 2d 520.

Requested charge No. 3 would have instructed the jury that proof that a house bears the general reputation of a house of prostitution or general reputation of an inmate thereof as a common prostitute is not sufficient in itself to establish such as a fact. Requested charge No. 4 would have instructed the jury to acquit appellant unless they found that on the date in question an occupant of the house did engage in acts of illegal sexual intercourse.

These two requested charges were evidentiary in nature and upon the weight of the evidence. In refusing to give such charges the court did not err. Phillips v. State, 216 S.W. 2d 213.

The judgment is affirmed.

Opinion approved by the Court.